## BETHLEHEM ENGINEERING EXPORT CORPORATION v. CHRISTIE et al.

District Court, S. D. New York.
Jan. 3, 1939.

Larkin, Rathbone & Perry, of New York City, for plaintiff.

Bond & Babson, of New York City, for defendants.

MANDELBAUM, District Judge.

The defendants move to dismiss the bill of complaint. The bill contains two causes of action, the first of which is for a permanent injunction restraining the defendants from breaching their contract with the plaintiff. The second is for a decree directing the defendants to specifically perform the contract. The defendants, in urging the dismissal of the complaint, state that equity will not decree specific performance of an "exclusive agency contract"; that the contract lacks mutuality of obligations and remedies; that the plaintiff has an adequate remedy at law. Additional grounds are urged but the consideration of them is unnecessary.

■ Since the principles of law which apply to specific performance are equally applicable to an injunction to restrain a breach of contract, I shall consider both causes of action as one. In Engemoen v. Rea, 8 Cir., 26 F.2d 576, certiorari denied 278 U. S. 627, 49 S.Ct. 28, 73 L.Ed. 546, the court said (page 578): "An injunction decree enjoining the breach of a contract is in effect a decree for specific performance, and the principles which govern the granting of both remedies are jointly the same. [Cases cited.]"

■ "The rights of the parties, therefore, are to be determined by the contract, rather than by general allegations of the complaint concerning the effect thereof". Cupples Envelope Co. v. Lackner, 99 App. Div. 231, 234, 90 N.Y.S. 954, 956. I have examined the contract entered into between the parties and have concluded that it is an "exclusive agency contract". Reduced to its lowest terms, the plaintiff has simply paid for an agency to promote the sale of the manufacturing rights of the defendants highspeed tank. The defendants, on their side, are to make available to the plaintiff a completed tank for demonstration purposes and to further permit the plaintiff to make such drawings and blue prints which it might need to carry out its part of the contract. The proceeds of the sale are to be divided in the manner set forth in the contract. However, certain terms and conditions are left open to mutual agreement in the future. While the subject matter in the case at bar differs from that in the Cupples Envelope Case, supra, the type of contract there involved is sufficiently similar to the one at bar to warrant comparison. There, too, there was an "exclusive agency contract" and the court refused to enjoin

a breach thereof by the defendant. It said (page 235, 90 N.Y.S. page 957): "It is evident that many of the provisions of the contract are of such a nature that they could not be specifically enforced, and the court will not undertake to supervise the performance of such contracts, but, in a proper case, where irreparable damages are shown, will enjoin a violation of a so-called negative covenant. Standard Fashion Co. v. Siegel-Cooper Co., 30 App.Div. 564, 52 N.Y.S. 433, affirmed 157 N.Y. 60, 51 N.E. 408, 43 L.R.A. 854, 68 Am.St.Rep. 749."

■ In addition to the foregoing, mutuality of remedy is clearly lacking. I doubt whether it can be disputed that the defendants, on the same state of facts, would fail in an attempt to compel the plaintiff to specifically perform the contract, or enjoin a breach thereof. The plaintiffs' contract is nothing more than one to perform personal services for the defendant.

In the Engemoen Case, supra, it was aptly said by the court (page 579): "A court of equity will not directly enforce a contract to render personal services by a decree for specific performance, and it will not indirectly or negatively enforce such a contract by an injunction restraining the violation thereof. [Cases cited.]"

And at page 580: "Finally, plaintiff's duties under the contract involve personal services, and the exercise of discretion, skill and judgment in the handling of the joint adventure. Under well-settled principles, a court of equity could not compel specific performance of its contract on the part of the plaintiff. It follows that mutuality of remedy is wanting and thus affords another ground for denying the equitable relief which the plaintiff here seeks."

See, also, Electric Lighting Co. of Mobile v. Mobile & Spring Hill Railway Co., 109 Ala. 190, 19 So. 721, 55 Am.St.Rep. 927; 58 Corpus Juris, Section 300; Hutchinson Gas & Fuel Co. v. Wichita Natural Gas Co., 8 Cir., 267 F. 35, 42; Restatement of the Law of Agency, Volume I, Section 118; Volume II, Section 399 (F), and comment (f); Section 386, comment (b).

■ While the lack of mutuality of remedy should not, standing alone, bar specific performance under certain circumstances, I am of the opinion that it is a particularly strong argument against specific performance in agency or personal service contracts. Most of the cases cited by the plaintiff do not involve "exclusive agency contracts". In those cases in which some ques-

tion of agency was involved, it was held that the courts could, in the exercise of equitable powers, restrain the violation of a negative covenant embodied in a contract. It is to be noted that in the Cupples Envelope Co. Case, supra, this distinction was discussed by the court.

From a reading of the authorities, I am therefore constrained to hold that the complaint in its present form states no cause of action for specific performance. The plaintiff has an adequate remedy at law. If it proves the breach of contract, it will be entitled to all such damages naturally flowing from the breach. The motion to dismiss the bill of complaint is granted. By reason of this ruling, the plaintiff's motion for a permanent injunction must of necessity be denied.