### GRIP NUT CO. v. SHARP.
### No. 2410.

District Court, N. D. Illinois, E. D.
May 23, 1941.

Chritton, Wiles, Davies, Hirschl & Dawson, of Chicago, Ill., for plaintiff.

Haight, Goldstein & Hobbs, of Chicago, Ill., for defendant.

HOLLY, District Judge.

The question presented here is whether on the facts set forth in the complaint an action for a declaratory judgment will lie in a federal court.

Briefly stated, plaintiff alleges that it produces and sells certain products which defendant claims are covered by certain patents owned by him; that the legal title to said patents is in defendant but that plaintiff is licensed to produce and sell under all said patents, and that although the legal title to said patents is in plaintiff defendant acquired and took title to such patents as agent for plaintiff and plaintiff is the equitable owner. Plaintiff prays for a declaratory judgment quieting and confirming plaintiff in its right to continue its manufacture free from any claim of infringement by defendant, that plaintiff's license be confirmed, that it be decreed that plaintiff is the equitable owner of the patents and defendant be decreed to be a mere trustee and that the legal title be set over to plaintiff by order of the court.

It is provided in the Declaratory Judgment Act that in cases of actual controversy the courts of the United States shall have power, upon complaint or other appropriate pleadings, to declare rights and other legal relations of any interested party petitioning for such declaration, Jud. Code, § 274d, U.S.C.A. Title 28, § 400. This act did not create any new substantive rights nor did it enlarge the jurisdiction of the federal courts to hear and determine actions of which they had not before then had jurisdiction. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852; Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 P.2d 321.

Whether the court has jurisdiction to hear and determine a case depends upon the allegations of plaintiff's complaint. Where relief under the patent law is sought the complaint must show a case arising under the patent law, and if it does the jurisdiction may not be defeated by a plea denying the averments of the claim. The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716.

Here one of the grounds on which plaintiff bases a prayer for relief is that while the legal title of the patent is in defendant, yet defendant holds it as agent and trustee for the plaintiff. Upon that statement it prays "that it be decreed that plaintiff is the equitable owner of any patents relating to the above general subject matter which may have been acquired by defendant and that defendant may be decreed to be a mere trustee." Clearly, a

suit by one who claims to be the equitable owner, against the holder of the legal title, to settle the real ownership of a patent may not be maintained in a federal court as a case arising under the patent laws of the United States. Wilson v. Sandford, 10 How. 99, 13 L.Ed. 344; Luckett v. Delpark, Inc., et al., 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703. The rule was stated very clearly by counsel for plaintiff in his oral argument as follows:

"Another class of cases which the Supreme Court says cannot be brought in the Federal Court is where the plaintiff at the time of bringing suit does not have clear title to bring it. I mean, a clear record title to bring it, where the patent, we will say, is in the hands of the defendant, but with the claim that the owner is a trustee or where the defendant has a license which must be ordered cancelled before a decree can be gotten. In such cases the court has universally said you must go into the state court first and get your title fixed up, your legal title. You cannot come in, claiming equitable ownership and charge the defendant as a trustee and as an infringer at the same time.

"If it is necessary to get your title fixed up first before you can claim anybody is infringing then you have got to go to the State Court: unless there is diversity and get your title fixed up there first. If there is a license, get that license declared, cancelled, and then sue."

 Nor can such an action be maintained in a federal court by labelling it as an action for a declaratory judgment, even though the defendant be threatening to sue for infringements. The state courts are open to plaintiff and in a state court it may have the title to the patent adjudicated.

 Among other averments in the complaint is one that plaintiff has licenses under all the patents mentioned in the complaint; and plaintiff prays that the licenses be confirmed. If plaintiff's title to the licenses is questioned, plaintiff is not entitled to a decree confirming the licenses and no other relief as to the license is prayed.

 Plaintiff's counsel are quite insistent that in every case where one of the parties to a controversy may maintain an action against the other in a federal court, the other must have the right to go into the same court and maintain there a suit·

for a declaratory judgment. I do not agree. As I have said above, whether one may maintain an action of any kind in a federal court depends on whether he can state in his complaint a cause of action which brings it within some one of the classes of which the statutes give federal courts jurisdiction.