ABRAHAM PLETMAN, Respondent, *v.* MYRON GOLDSOLL, Appellant, Impleaded with LEONARD C. WELLING and Others, Defendants.

First Department, June 19, 1942.

*Herman S. Axelrod* of counsel [*Maitland M. Axelrod* with him on the brief; *Jac M. Wolff*, attorney], for the appellant.

*Lawrence J. Lieberman* of counsel [*David E. Winer* with him on the brief], *Abraham Pletman*, respondent *pro se.*

DORE, J. This action is a consolidation of three prior separate actions between the parties ordered by this court in December, 1941 (*Pletman* v. *Goldsoll; Gray* [formerly known as Goldsoll] v. *Guaranty Trust Co.*; and *Gray* v. *Pletman*, 263 App. Div. 804). One of the defendants named herein as Myron Goldsoll appeals from orders denying his motions to dismiss and for judgment on

the pleadings under rule 112 of the Rules of Civil Practice on the ground that the complaint fails to state any cause of action against him.

The complaint attempts to set forth four causes of action and is based upon two written contracts between the parties annexed to the complaint as Exhibits A and B and executed at Paris, France, in July, 1935. The contracts involve the sale and disposition of shares of stock in three French corporations the assets of which, the complaint alleges, are worth upwards of $50,000,000. Pursuant to the terms of the agreements certain shares of the stock of the corporations were deposited with Guaranty Trust Company and a former defendant, as escrow agents. The escrow agents were to hold the shares delivered to them pending the receipt of certain writings specified in the agreements certifying to payment or nonpayment of the stipulated purchase price. The parties had been in litigation both in the United States and in France covering their respective rights and interests in the shares of these corporations, and apparently the agreements were executed to adjust and settle their respective claims and differences.

The agreements recite that defendant Goldsoll owned 50,000 shares of one of the companies, Sonora Radio, for which he paid 5,000,000 francs. Goldsoll also owned certain stock of two other named corporations. By these agreements it was proposed to give plaintiff and his two associates — whose rights, the complaint alleges, have been assigned to the plaintiff — a forty per cent interest in Sonora, but defendant Goldsoll was to be " repaid " out of profits 2,000,000 francs therefor and to have a first lien on the stock until such sums had been " repaid " him. It was also provided that plaintiff was entitled to receive a similar proportion of the other two named corporations on payment of certain stipulated sums, and said defendant was given a first lien on the shares until such sums were paid.

The first cause of action is for damages in the sum of $20,000,000 caused by alleged fraud and conspiracy on the part of the defendants in connection with the disposition of the stock and assets of the corporation in which plaintiff claims an interest of which he has been deprived. Plaintiff's rights, if any, arise out of the contracts annexed to the pleading; plaintiff is bound by their provisions, and if there be a variance between the contracts and the allegations of the complaint, the contracts must control. (*Rubin* v. *Siegel,* 188 App. Div. 636; *Malco Trading Corp.* v. *Mendelson-Silverman, Inc.,* 240 id. 322, 325; affd., 264 N. Y. 651.) By making the motion, appellant admitted facts alleged and such inferences

as can fairly be drawn from them, but he does not admit plaintiff's mere conclusions or the correctness of inferences drawn by the pleader from the facts alleged. (*Greeff* v. *Equitable Life Assurance Society*, 160 N. Y. 19.)

Plaintiff, who appears in person on his own behalf, characterizes the actions of defendants as part of a fraudulent plan or scheme to defraud plaintiff of his rights, but these conclusory statements add nothing to the complaint in the absence of facts stated to justify the conclusion that the acts were wrongful, fraudulent or unlawful. (*Thomas* v. *N. Y. & G. L. R. Co.*, 139 N. Y. 163, 184; *O'Connor* v. *Virginia Passenger & Power Co.*, 184 id. 46, 53.) The complaint wholly fails to plead the fact of payment of the 2,000,000 francs or receipt of the writings, provided for in the agreements, or any facts constituting performance by plaintiff, or a statement of due performance under rule 92 of the Rules of Civil Practice or any facts showing a lawful excuse for non-performance. Plaintiff alleges that prior to the commencement of the action the lien of defendant Goldsoll on the stock described in Exhibits A and B "was discharged, and the plaintiff became entitled to delivery of all of the shares of stock held in escrow by defendant Guaranty Trust Company." This is not a statement of facts showing either performance by plaintiff or legal excuse for non-performance, but merely the allegation of a conclusion of law. (*Hoffman* v. *Columbia-Knickerbocker Trust Co.*, 157 App. Div. 434, 436.) While because of their form a final interpretation of the agreements sued on and the intention of the parties thereto may await a disclosure of all the facts and circumstances at the trial, plaintiff in his complaint must allege facts instead of a conclusory characterization to show how appellant's admitted lien was discharged, so as to entitle plaintiff to the stock or its proceeds.

The Civil Practice Act requires that every pleading shall contain a plain and concise statement of the material facts on which the party pleading relies. (Civ. Prac. Act, § 241.) This complaint, demanding of the defendants enormous sums of money, fails to conform to this basic rule applicable to all pleadings. The first cause of action is insufficient as pleaded in failing to set forth facts, in contradistinction to conclusions, which properly inform defendants of the precise charge plaintiff makes against them.

The second and third causes of action, although not expertly drawn, sufficiently allege that defendant Goldsoll was in a fiduciary relationship to plaintiff and breached the duties involved in such relationship with claimed resulting damages to plaintiff, and the order in so far as it denied the motion as to these causes of action was correct.

The fourth cause of action is for alleged damages in addition to the damages claimed under the other causes of action and charges that Goldsoll received 5,000,000 francs " from the aforesaid corporations or from the sale of the stock and assets of said corporations," and that defendant Goldsoll failed to pay plaintiff 2,000,000 francs to which he was entitled. No facts are alleged to show the precise character of the receipt or to show plaintiff's legal right, title and interest to the 2,000,000 francs which plaintiff alleges Goldsoll failed to pay him, but only plaintiff's conclusory statement of the law, which is insufficient as pleaded.

The orders appealed from should be modified by granting the motion to dismiss the first and fourth causes of action, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant, with leave to the plaintiff to serve an amended complaint within twenty days after service of order with notice of entry thereof, on payment of said costs.

Martin, P. J., Townley and Glennon, JJ., concur.

Orders unanimously modified by granting the motion to dismiss the first and fourth causes of action, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant, with leave to the plaintiff to serve an amended complaint within twenty days after service of order, on payment of said costs.