**HOFFMAN et al. v. SANTLY–JOY, Inc., et al.**

District Court, S. D. New York.

April 19, 1943.

See, also, 51 F.Supp. 779.

Lawrence D. Unger, of New York City, for plaintiffs.

Miller & Miller, of New York City (Morton Miller, of New York City, of counsel), for defendants.

LEIBELL, District Judge.

The defendants have moved for a dismissal of the plaintiffs' amended complaint on the grounds that the plaintiffs are not the real or proper parties in interest and that the amended complaint fails to state a claim upon which relief can be granted.

The action is brought by the plaintiffs, as the authors, writers and composers of a copyrighted and allegedly original musical composition, "The Machine Gun Song", against the defendants who are claimed to have infringed the copyright by the publication of a musical composition entitled "Johnny Zero".

The plaintiffs seek relief by way of an injunction and an accounting.

The amended complaint does not allege that the plaintiffs are the owners of the copyright of "The Machine Gun Song". In fact, the printed composition, annexed to the complaint, recites the following (at the bottom of page 2) "Copyright 1943 by Edwin H. Morris & Company Inc., 1619 Broadway, New York, N. Y." The allegations of the interest of the plaintiffs in the allegedly infringed copyright are to be found in paragraphs "7", "8", "9" and "11" of the amended complaint. Paragraph "7" asserts: "That Edwin H. Morris & Company, Inc., * * * duly copyrighted the said musical composition * * * for the benefit of the plaintiffs herein * * *". In paragraph "8" it is alleged that "the said musical composition has been published by Edwin H. Morris & Company, Inc. on behalf of plaintiffs, and all copies and publications by plaintiffs, or under their authority or license, have been printed and published" according to statute. Paragraph "9" states: "Ever since its first publication and since the registration of claim of copyright, the plaintiffs have been and still are the sole proprietors of all rights, title and interest in and to the copyright of the said musical composition, the copy-

righting thereof, and the registration of the claim of copyright thereof by Edwin H. Morris & Company, Inc. having been for the benefit of the plaintiffs as aforesaid". In paragraph "11" reference is again made to the publication of the composition in behalf of plaintiffs by Morris & Company.

The issues presented by the defendants' motions are, first whether it appears from the amended complaint that the plaintiffs are proper parties in interest entitled to bring this action; second, whether the plaintiffs have sufficiently pleaded the facts which show them to be the real parties in interest; and third, whether Edwin H. Morris & Company, Inc. is a necessary or indispensable party.

■ If the plaintiffs had pleaded facts upon which their alleged equitable interest in the copyright could be predicated, they would be proper parties entitled to bring a suit for infringement, even though the legal title to the copyright was in the name of another. See, Bisel v. Ladner, 3 Cir., 1 F.2d 436, 437, and cases there cited to demonstrate that plaintiffs' "right in this situation to sue in equity in (their) own name (s) is plain in principle and well established by authority". Also, see Henry Holt & Co. v. Liggett & Myers Tobacco Co., D.C., 23 F.Supp. 302, 304, where it was said that: "Here (the plaintiff), as author of the book for whose benefit (the holder of the legal title to the copyright) acquired copyright, is entitled to maintain the suit in equity in his own name." See, also, Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923, and L. C. Page & Co. v. Fox Film Corporation, 2 Cir., 83 F.2d 196.

■ The plaintiffs have not set forth the facts of the circumstances under which the copyright was registered in the name of Edwin H. Morris & Company, Inc., for plaintiffs' benefit, and the publication made by the Company for plaintiffs' benefit, or what the arrangement was by which legal title to the copyright was taken in the name of the Company, "for the benefit of the plaintiffs herein". The amended complaint pleads bare legal conclusions as to the plaintiffs' beneficial interest. The pleading is defective. Defendants' motion to dismiss the amended complaint is granted with leave to the plaintiffs to serve a second amended complaint that will cure the defects herein indicated.

■ Before serving the second amended complaint plaintiffs should consider making Edwin H. Morris & Company, Inc., as the owner of the legal title, a party to this action. Plaintiffs may make that corporation a party defendant or an involuntary plaintiff if the corporation refuses to join in the suit. Rule 19, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; L. C. Page & Co. v. Fox Film Corp., supra. If plaintiff fails to make Morris & Co. a party to the action, it may be that a proper case would be presented under Rule 19 (b) for the Court to make an order summoning the Morris Company to appear in the action so that complete relief may be accorded between those already parties.

Motion granted to the extent indicated. Settle order on notice.