**HOFFMAN et al. v. SANTLY–JOY, Inc., et al.**

District Court, S. D. New York. June 24, 1943.

Lawrence D. Unger, of New York City (Arthur A. Beaudry, of New York City, of counsel), for plaintiffs.

Miller & Miller, of New York City (Morton Miller, of New York City, of counsel), for defendants.

BRIGHT, District Judge.

Defendants move to dismiss (a) for lack of jurisdiction over the person, (b) for insufficiency of process, (c) insufficiency of service of process, and (d) failure to state a claim upon which relief can be granted.

The action was originally commenced by the individual plaintiffs for an injunction restraining the public performance, publication, exhibition and printing of a musical composition called "Johnny Zero", and the words thereof, and for damages, which composition it is alleged unlawfully uses certain portions of a song entitled "The Machine Gun Song", composed by the individual plaintiffs and copyrighted and published by Edwin H. Morris & Company. A motion was made by defendants to dismiss, whereupon an amended complaint was served. A second motion to dismiss was made upon the ground that the individual plaintiffs were not the real parties in interest, and that there was no statement of claim upon which relief could be granted. That motion was granted by Judge Leibell, with leave to serve an amended complaint in accordance with his opinion dated April 19, 1943, 51 F.Supp. 778, and also with leave to bring in Edwin A. Morris & Company "as a party to this action, by making said corporation a party defendant or an involuntary plaintiff."

That opinion upholds the right of the individual plaintiffs to bring the action if they plead facts upon which their equitable interest could be predicated, but dismisses the amended complaint because it did not set forth the facts and circumstances under which the copyright was registered in the name of Morris & Company, and the publication made by that company for plaintiffs' benefit, nor what the arrangement was by which the legal title to the copyright was taken in the company's name.

■ The second amended complaint includes the company as an involuntary plaintiff. No supplemental summons has been issued, and no amendment of the original summons made, and, as far as appears, Morris & Company have not had any notice of the pendency of this action, nor has any jurisdiction over it been acquired in any manner. It is difficult to see how, under the circumstances now appearing, Morris & Company would be bound by any adjudication which may be made in the action. It is a resident of this district, and amenable to process. The allegation in the second amended complaint is that that company is made a plaintiff pursuant to leave granted by Judge Leibell's order for the reason that it is the owner of the legal title to the copyright, is a proper party to the action, and although requested by the individual plaintiffs to bring the action, has refused to do so. If it were without the district, and had so refused, there would be justification for making it an involuntary plaintiff, and it would be bound by any adjudication. Independent Wireless Tel. Co. v. Radio Corp., 269 U.S. 459, 473, 46 S.Ct. 166, 70 L.Ed. 357. Being amenable to process, it should be a party defendant after such refusal. Moore's Federal Practice, Volume 2, Page 2143.

■ Judge Leibell held that the previous amended complaint pleaded legal conclusions as to plaintiff's beneficial interest, and was, therefore, defective. It alleged that Morris & Company "duly copyrighted the said musical composition under the Copyright Laws of the United States, for the benefit of the plaintiffs herein" by proceeding in conformity with the Copyright Laws; received from the Register of Copyrights a certificate of copyright registration; and since such registration, the musical composition has been published by Morris & Company "on behalf of plaintiffs; and all copies and publications by plaintiffs, or under their authority and license", have been in conformity with the Copyright Laws, 17 U.S.C.A. § 1 et seq. It further alleged that plaintiffs, since the registration, "have been and still are the sole proprietors of all rights, title and interest in and to the copyright of the said musical composition, the copyrighting thereof, and the registration of the claim of copyright thereof by Edwin H. Morris & Company, Inc., having been for the benefit of the plaintiffs aforesaid".

The present amended complaint alleges that on December 14, 1942, the individual plaintiffs entered into an agreement with Morris & Company (not annexed to the

complaint), whereby they delivered the musical composition to Morris & Company as publisher, and authorized it to publish, with claim of copyright, and to secure copyright thereon, "and to hold the said copyright and to use, work and operate the same for the joint and several benefit and advantage" of the individual plaintiffs and Morris & Company, subject to certain restrictions and reservations in favor of, and to the payment of royalties to, the individual plaintiffs, it being provided by said agreement that upon default of Morris & Company, or upon the termination of the agreement, all rights of any and every nature in and to the musical composition and to the right to secure copyright thereon, and to any copyright secured by Morris & Company, should revert to and become the sole property of the individual plaintiffs. It is then alleged that pursuant to the agreement, Morris & Company copyrighted the composition, published the same with notice of copyright, and thereafter obtained registration under the laws relating to copyrights. I think the allegation of the substance of the agreement is permissible, and that insofar as the individual plaintiffs are concerned, probably sufficiently alleged the cause of action in compliance with Judge Leibell's order. Judge Leibell deemed Morris & Company a necessary party, as it undoubtedly is. In view of the fact that it has not been bound in by any process, and the individual plaintiffs have failed to comply adequately and fully with his directions, the complaint is dismissed, with costs, but without prejudice.