DENTAL PRECISION SHOULDER, Inc., v.
L. D. CAULK CO., Inc.
Civ. No. 4951.

District Court, E. D. New York.
March 17, 1947.

Darby & Darby, of New York City (Floyd H. Crews, of New York City, of counsel), for plaintiff for motion.

Henry L. Burkitt, of New York City, for defendant opposed.

KENNEDY, District Judge.

This is a suit for permanent injunction and an accounting. The claim is that defendant has infringed a patent of which plaintiff is the owner. Plaintiff now moves to amend its complaint, asking that one paragraph be changed. The real purpose of the motion is to add as an "involuntary plaintiff" (Federal Rules of Civil Procedure rule 19(a), 28 U.S.C.A. following section 723c) a New York corporation doing business at 320 Yonkers Avenue, Yonkers, New York. The proposed amendment recites that while plaintiff is the owner of the patent in suit, the New York corporation (Consolidated Diamond Saw Blade Corporation) has "certain exclusive rights in said patent", has been requested to join as a coplaintiff, and has declined.

Defendant resists the motion largely on the ground that Saw Blade is not an indispensable party and to join it as an involuntary plaintiff would be to erect a "new kind of a fiction" in violation of the principles on which the federal rules are framed. I pass this argument by because, under the proposed amendment, at the very least, Saw Blade is a "necessary" party (not indispensable, but on the other hand not nominal), and it ought to be made a party if that can be done without depriving the court of jurisdiction of the parties now before it. F.R. 19(b).

The authority principally relied upon by plaintiff in support of the motion is Independent Wireless Telegraph Company v. Radio Corporation, 1926, 269 U.S. 459, 46

S.Ct. 166, 70 L.Ed. 357. In that case the patent owner had divested itself of everything except a small reservation of the right to make and sell under limited capacity. The exclusive licensee was the plaintiff, and the patent owner had refused to join the suit. The Court said that the latter could be made an involuntary plaintiff, because equity regarded that as done which ought to be done, and the holder of the legal title to the patent could not block suit by refusing to join the beneficial owner.

Here the situation seems to be reversed. But whether plaintiff's procedure is authorized by the Independent Wireless case need not be decided now, so I think.

The party proposed to be joined is within the reach of the process of the court, F.R. 4(f); Mississippi Pub. Corp. v. Murphree, 1946, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185. Therefore, it is much more sensible to serve Saw Blade with a supplementary summons, naming it as a defendant, even if the doctrine of Independent Wireless Telegraph Company v. Radio Corporation, supra, applies. Hoffman v. Santly-Joy, D.C.S.D.N.Y., 1943, 51 F.Supp. 779. When this possible procedure was called to the attention of plaintiff's counsel on the argument of the motion he replied that while Saw Blade was within the process jurisdiction of the court, this was not true so far as venue was concerned. 28 U.S.C.A. § 109; Stonite Products Co. v. Melvin Lloyd Co., 1942, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026. It is true that in the Stonite case the Supreme Court held that there was no proper venue in a suit against an infringer except under the statute specifically applicable, 28 U.S.C.A. § 109, and venue jurisdiction in infringement suits was not widened by the statute relating generally to actions involving defendants residing in different districts of the same state, 28 U.S.C.A. § 113. On this basis, plaintiff argues that while Saw Blade is subject to suit in this district so far as process is concerned, nevertheless the venue would be improper if it were joined as a defendant and, therefore, it must be joined as an involuntary plaintiff.

I do not agree with plaintiff's position. True enough, Saw Blade could not be sued in the Eastern District of New York as an infringer. 28 U.S.C.A. § 109. That much is clear. But an argument can, at least, be made that the situation here is not within either the letter or the spirit of that statute and that the Stonite case does not apply. Saw Blade is not accused of infringement: plaintiff's claim is that it is a recalcitrant litigant whose presence in the suit is necessary to the rendition of a decree. If that is so, on principle perhaps the case should be ruled by the wider venue provisions of section 52 of the Judicial Code, 28 U.S.C.A. § 113. And, in any event, if all that plaintiff says is true, Saw Blade, once being properly in the suit, could be aligned with the plaintiff itself.

I fully agree with Judge Bright (Hoffman v. Santly-Joy, supra) that where formal process issuing out of the court can be used to bring a party into a suit, informal notice such as might be proper for the joinder of an involuntary plaintiff under other circumstances is unsatisfactory, for a number of reasons which ought to be clear.

This decision is not in accord with the holding in Gibbs v. Emerson Electric Mfg. Co., D.C., 1939, 29 F.Supp. 810. But the opinion in Mississippi Pub. Corp. v. Murphree, supra (326 U.S. 438, footnote 1 on page 440, 66 S.Ct. 242, 90 L.Ed. 185), suggests that the rule permitting service of process within the territorial limits of the state in which the district court sits, Rule F.R. 4(f), may not have been given proper construction in the Gibbs case. However that may be, I have always thought that process jurisdiction, on the one hand, and venue jurisdiction, on the other, are distinct subjects, governed by different rules (Robertson v. Railroad Labor Board, 1925, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119) and that, among other things, objections on the score of improper venue are personal to the defendant affected. Camp v. Gress, 1919, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997. There can be no question here that Saw Blade is within reach of the court's process and must respond. Non constat but it may after appearance waive any objection to the venue jurisdiction, even assuming that the narrow infringement statute applies. 28 U.S.C.A. § 109. If it does appear, and moves to quash the suit for im-

proper venue, it will be time enough to consider whether the venue objection can be overcome by aligning it with the plaintiff.

 I, therefore, grant the motion to the extent that the complaint (but not the caption) is to be amended in such fashion as to recite the relationship of Saw Blade to the controversy. A summons is to be served on this new party. When that is done, Saw Blade will then, as I have said, either challenge the venue, or waive the question. But, whether it does or not, and regardless of the outcome of a challenge to venue, Saw Blade will, at least, be properly before the court so far as personal jurisdiction is concerned. And, if the complaint is dismissed at Saw Blade's instance, the jurisdictional question can be decided and possibly reviewed at the beginning of the litigation, rather than at the end (even after decree) as would be the case if the involuntary plaintiff procedure were adopted.

Motion granted as indicated.