SOUTHERN MUSIC PUB. CO., Inc., v. WALT DISNEY PRODUCTIONS et al.

District Court, S. D. New York.
July 2, 1947.

Fishbein, Garfield & Wrubel, of New York City (Maxwell Okun, of New York City, of counsel), for plaintiff.

Donovan, Leisure, Newton, Lumbard & Irvine, of New York City (Gunther R. Lessing, of Los Angeles, Cal., and Franklin Waldheim and Roy W. McDonald, both of New York City, of counsel), for defendant Walt Disney Productions.

Miller & Miller, of New York City (Morton Miller, of New York City, of counsel), for defendant Santly-Joy, Inc.

GODDARD, District Judge.

Two motions, one by Walt Disney Productions, and the other by Santly-Joy, Inc., to dismiss the complaint on the ground that the court does not have jurisdiction of the subject matter of this action.

The plaintiff is a New York corporation. The defendant Disney is a California corporation. The defendant Santly-Joy, Inc., is a New York corporation.

The plaintiff alleges that this action arises under the copyright law of the United States.

The complaint alleges that the plaintiff and its subsidiary corporation, Peer International Corporation [hereinafter referred to as Peer], entered into a contract on February 23, 1943, with Walt Disney Productions [hereinafter referred to as Disney], which contract is attached to and made a part of the pleadings; that this contract provided that Disney granted to the plaintiff the exclusive right to publish certain musical compositions which were being composed for a motion picture short subject referred to as the "Sixth Series"; that the contract further provided that all copyrights in this music should be taken out in the name of the corporate publisher; that Peer had entered into an agreement on April 19, 1943, with one Roy Gilbert who was a writer and composer of music; that this contract which is not attached to the complaint, provided that Peer hired Gilbert to write songs exclusively for it and that Gilbert assigned all rights whatsoever in any composition he may write for Peer, as well as the right to copyright the same as proprietor in its own name or otherwise as Peer may elect. It is then alleged that on June 24, 1943, the plaintiff, Peer, Disney and Gilbert entered into a written agreement wherein and whereby it was agreed by the plaintiff and Peer that they would release Gilbert to the defendant Disney upon certain terms and conditions, one of which reads as follows:

"In consideration of your release of Mr. Gilbert we agree that any songs for which he shall write the lyrics or music shall be contracted to you for publication on the same terms wherever applicable as those contained in the agreement between us

known as the R.K.O. Sixth Series background agreement. If not applicable in any particular or particulars, then such matters shall be arranged by mutual agreement between you and ourselves."

The plaintiff in substance alleges that the above provision in effect incorporated the terms of the "Sixth Series" contract so as to give it a present grant of the right to copyright Gilbert's songs. The plaintiff further alleges that Gilbert did write certain songs while in Disney's employ and that by virtue of the two contracts the plaintiff has the exclusive right to copyright these songs and that it duly performed all the terms and conditions of the contracts on its part; that Disney in violation of the contracts obtained the copyrights to the songs in its name and then further violated the contract by assigning and transferring the copyrights in the songs to defendant, Santly-Joy, Inc., who is about to infringe the plaintiff's equitable right in the copyrights by publishing and selling the same. The plaintiff then alleges the customary allegations of continued harm and lack of an adequate legal remedy.

In its prayer for relief it asks that defendant Santly-Joy, Inc., be enjoined from infringing plaintiff's copyright; (2) that defendant Disney be enjoined from infringing or exercising rights of ownership in or to the copyrights; (3) that defendant Santly-Joy, Inc., deliver up all the copies of the songs as well as the plates, words, etc.; (4) that defendant Disney be directed to transfer and assign the copyrights in the songs to the plaintiff.

Defendant Disney's answer contains a general denial and a separate affirmative defense that the plaintiff has failed to fulfill the covenants of the contract on its part. The answer of defendant Santly-Joy, Inc., includes a general denial as well as other specific defenses.

The question is whether this is a claim arising under the copyright laws or merely a common law cause of action for specific performance of a contract.

The substance of the plaintiff's allegations is that by virtue of the provisions of the "Sixth Series" contract and the Gilbert contract it received a present grant of the right to copyright Gilbert's works and as such it is the equitable owner of a copyright and is properly in this court seeking to enjoin its infringement.

The defendants' contention is that the Gilbert contract did not give to the plaintiff a present grant of the right to copyright Gilbert's songs, but merely provided that Gilbert's songs "shall be contracted" to the plaintiff on the same terms as those contained in the Disney contract, and hence the plaintiff is primarily seeking to establish his rights under a contract.

■ On this motion the court must accept the averments of the plaintiff's complaint as true. Vanadium-Alloys Steel Co. v. McKenna, D.C., 27 F.Supp. 535.

■ However, the plaintiff must allege facts and not bare conclusions showing its equitable title to the copyrights. Hoffman v. Santly-Joy, Inc., D.C., 51 F.Supp. 778; Hoffman v. Santly-Joy, Inc., D.C., 51 F.Supp. 779.

These facts must appear not solely from the allegations of the complaint but from the contracts which are attached to and made a part of the complaint. Southern Surety Co. v. Commercial Casualty Ins. Co., 3 Cir., 31 F.2d 817, certiorari denied 280 U.S. 577, 50 S.Ct. 31, 74 L.Ed. 628; Bethlehem Engineering Export Corporation v. Christie, D.C., 26 F.Supp. 121; Stockton Commission Co. v. Narragansett Cotton Mills, D.C., 11 F.2d 618; Jones v. Peacock, D.C., 3 F.2d 827; Pletman v. Goldsoll, 264 App.Div. 393, 35 N.Y.S.2d 541.

The complaint alleges that Peer originally had a contract with Gilbert in which it was provided, among other things, that Gilbert assigned and transferred any and all works he should write, as well as the right to copyright the same, to Peer. Subsequently the plaintiff, Peer, Gilbert and Disney entered into the Gilbert contract which was made after the "Sixth Series" contract. The "Sixth Series" contract provided for the present transfer of the rights to copyright Disney's music.

The Gilbert contract provided that Disney would hire and pay Gilbert; that plaintiff and Peer would have no interest or

right in or to any of Gilbert's works except as otherwise provided; that Disney "shall own, possess and be entitled to the full and exclusive use in and to any and all rights of every kind and character whatsoever in and to all work and all results incidental thereto created and done by Mr. Gilbert for us, including all patentable, copyrightable or other literary, etc. * * *" The contract also provided that in consideration of the plaintiff's and Peer's release of Gilbert, Disney agreed that as to any songs Gilbert shall write "shall be contracted to you for publication on the same terms wherever applicable as those contained in the agreement between us known as the R.K.O. "Sixth Series" background agreement. If not applicable in any particular or particulars, then such matters shall be arranged by mutual agreement between you and ourselves."

Peer originally had the existing right to copyright Gilbert's songs. Under the "Sixth Series" agreement the plaintiff and Peer received a present grant of the right to copyright Disney's songs. Therefore, when the Gilbert agreement was drawn it at least appears for the purposes of pleading that the plaintiff, as well as the defendants, intended that the plaintiff and/or Peer would not relinquish the right they had to copyright Gilbert's songs and that this contingency was provided for since the Gilbert agreement incorporated the terms of the present grant of the right to copyright of the "Sixth Series" agreement.

The contract attached to the complaint, the provisions of which supplement the allegations of the complaint, tends to support the allegations of a present grant to the plaintiff of the right to copyright Gilbert's songs as that contract fails to provide for the disposition of the right to copyright Gilbert's songs although it does provide for the exclusive use by Disney of the copyrighted material.

These facts as they appear from the pleading more than justify the allegations that this plaintiff is the equitable owner of the copyrights of Gilbert's songs and these factual allegations giving the court judisdiction of the subject matter are not defeated by the defendants' denials.

The Fair v. Kohler Die Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716; Grip Nut Co. v. Sharp, D.C., 40 F.Supp. 80, reversed on other grounds 7 Cir., 124 F.2d 814.

Since the plaintiff has sufficiently alleged facts showing it to be the equitable owner of the copyright, this court has jurisdiction of the suit to enjoin the legal owner and a third party from infringing the copyright. Wooster v. Crane & Co., 8 Cir., 147 F. 515; Ted Browne Music Co. v. Fowler, 2 Cir., 290 F. 751; Bisel v. Ladner, 3 Cir., 1 F.2d 436; Historical Pub. Co. v. Jones Bros., 3 Cir., 231 F. 638; Cohan v. Richmond, 86 F.2d 680; Texas Co. v. Gulf Refining Co., D.C., 13 F.2d 873; Goldwyn Pictures Corporation v. Howells Sales Co., D.C., 292 F. 458 [opinion by L. Hand, D.J.], although reversed 2 Cir., 287 F. 100; King v. Edward B. Marks Music Corporation, D.C., 56 F.Supp. 446.

The motions of the defendants are accordingly denied.

Settle orders on notice.