**DAVIS et al. v. ST. LOUIS–SOUTHWEST-ERN RY. CO.**

Civ. A. 3116.

United States District Court
W. D. Louisiana, Shreveport Division.

Sept. 17, 1951.

Irion & Switzer, Reuben W. Egan, Jackson, Mayer & Kennedy and Charles L. Mayer, all of Shreveport, La., for plaintiff.

Wilkinson, Lewis & Wilkinson and John M. Madison, all of Shreveport, La., for defendant.

DAWKINS, Chief Judge.

This case is a splendid illustration of the futility, if persisted in, of the attempt in the Rules of Civil Procedure, 28 U.S.C. A., by the Supreme Court to limit the pleadings and to simplify litigation. Several of the numerous motions were ruled upon from the bench, but the one now to be considered is a plea of nonjoinder of an alleged indispensable party, to wit, the compensation insurer of plaintiff's employer, because of Sections 1101–2–3 of Title 23 of LSA–Louisiana Revised Statutes of 1950.

Those enactments were mainly for the protection of the employer or its insurer who make payments of compensation for injuries or death due to the fault of others.

Plaintiff certainly could not make the insurer in question a plaintiff, for it is fundamental that no one can be compelled to join in a lawsuit in that capacity if he does not wish to do so; yet, if he refuses, the complainant may, if his presence is indispensable, make him a party defendant. If this had been done in this case, the compensation insurer would necessarily have had to be arraigned on the same side with the plaintiff. In that event, if a citizen of the same state as the present defendant, this court would have had no jurisdiction.

The questions here, primarily, are twofold, first, the one of liability, and secondly, the amount of the recovery. Mainly because of the large number of damage suits which are being filed in this court, under Act No. 55 of 1930 of the Legislature, as amended, now LSA–RS 22:655, permitting the complainant to sue the insurer of the alleged tort-feasor without making the insured a party, the work of this court does not allow time for extended researches or to write long opinions on the manifold issues which are raised. If the business of the court is to be expedited, it simply has to cut through them and, by the use of common sense, make such dispositions as

will, while effectively disposing of the issues, not prejudice or deny any fundamental right.

■ With this end in view, the complainant will be required to furnish the Clerk a true copy of his complaint for certification and service by the Marshal upon the compensation insurer, American Automobile Insurance Company. When this has been done, if the latter fails or does not desire to assert any claim defendant will be relieved if it pays to plaintiff any sum which may be recovered.

Proper decree should be presented.