**Joseph Payne BRENNAN, Plaintiff,**

v.

**PARAMOUNT PICTURES CORPORA-TION, Defendant.**

United States District Court
S. D. New York.

Sept. 20, 1962.

Ralph J. Lockwood, Bridgeport, Conn., for plaintiff.

Leonard Kaufman, New York City, E. Compton Timberlake, New York City, of counsel, for defendant.

DAWSON, District Judge.

This is a motion for summary judgment brought by defendant Paramount Pictures Corporation (Paramount) under Rule 56(b) of the Rules of Civil Procedure, 28 U.S.C.A.[1] In accordance with General Rule 9(g) of the General Rules of the United States District Courts for the Southern and Eastern Districts of

1. "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Rule 56(b). Fed.R.Civ.P:

New York Paramount has filed a separate statement of material facts alleged not to be at issue.[2] Plaintiff, Joseph Payne Brennan, has failed to submit a controverting statement and in accordance with the provisions of Rule 9(g) the statement of facts submitted by defendant is deemed admitted.

The Court finds that the following facts exist without substantial controversy:

The plaintiff is the author of a short story entitled "Slime." On or about September 15, 1952 plaintiff sold the story to Weird Tales magazine (Weird) through his then agent, John Schaffner. Weird published the story "Slime" in its issue of March 1953 and paid plaintiff the sum of seventy-five ($75.00) dollars. The contents of the magazine were copyrighted by Weird in January 1953 (the issue was dated March but was actually published on January 1, 1953).

Short Stories, Inc., which owned Weird, was adjudged a bankrupt and the Trustee in Bankruptcy assigned the copyrights owned by that publication to one Marvin Isaacs. On September 19, 1955 this court issued an order approving that sale.

In 1958 plaintiff caused a book entitled "Nine Horrors and a Dream" to be published by Arkham House of Sauk City, Wisconsin. Included in that volume was the short story "Slime." The following notation appeared on the copyright page of that book:

"Slime, copyright 1953, by Weird Tales, for Weird Tales, July, 1953. Reprinted by permission of John Schaffner."

On November 10, 1958 plaintiff registered a claim of copyright to this book. The following sentence appears on the copyright application:

"New Matter in This Version: Hitherto unpublished stories: Levitation, Canavan's Back Yard, The Hunt, The Mail for Juniper Hill; previously published material indicated on copyright page."

Prior to this, on October 3, 1958, Paramount registered for copyright the motion picture "The Blob." Plaintiff alleges in his complaint that the movie entitled "The Blob" infringes on his rights in the short story "Slime" in that many of the ideas contained in that story were used by Paramount in the production of its motion picture.

In moving for summary judgment the defendant does not claim that the picture in no way infringes on the copyright for "Slime." That is a matter for trial and not summary judgment. Defendant does contend that plaintiff is not the record owner of any copyright in the story "Slime" and therefore has no standing to raise an issue as to its possible infringement.

Plaintiff does not assert ownership of the copyright as assignee either from Short Stories, Inc. or its assignee, Marvin Isaacs. Instead, he relies on his equitable ownership of the copyright as author of the story. Plaintiff claims that while the nominal ownership is admittedly in the hands of Isaacs' assignee he retained to himself all rights except first North American serial rights when he sold the story to Weird in 1952. This raises an issue of fact which cannot be decided on a motion.

2. "Upon any motion for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.

"The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

"All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Rule 9(g), General Rules, S.D.N.Y.

In reply to this contention defendant admits that a doctrine of equitable ownership does exist in the copyright field but asserts two defenses to that claim: (1) even in a motion for summary judgment the party in opposition has some duty to come forth with creditable evidence in support of its conclusion, and (2) whatever equitable rights plaintiff may have had in the story "Slime" were cut off when the Trustee in Bankruptcy transferred the rights of Weird to Isaacs.

In support of the first contention defendant relies upon Hoffman v. Santly-Joy, Inc., 51 F.Supp. 778 (S.D.N.Y.1943) where the court dismissed the complaint of the party who asserted an equitable ownership of a copyright. The court there states that the plaintiff must do more than assert the legal conclusion that he is the equitable owner; facts supporting that conclusion must be pleaded with particularity. The decision of the court gave plaintiff leave to file an amended complaint curing the defects that the court noted. Assuming, arguendo, that the complaint in the instant case suffers from the same defect, the dismissal of a complaint with leave to amend is not analogous to the granting of summary judgment on the merits. The former requires a redrafting of the complaint; the latter, subject to appeal, is a final determination.

Alexander v. Irving Trust Co., 132 F. Supp. 364 (S.D.N.Y.1955) is quoted from at length in defendant's reply memorandum of law. This was also a dismissal of a complaint. The court read the short story of the plaintiff and the book which allegedly infringed upon the plaintiff's work. The basis of the decision was that there was no infringement of the copyright in plaintiff's work.

The court did go on to note that in any event the plaintiff did not have standing to sue and Hoffman v. Santly-Joy, Inc., supra, was cited with approval. It is true that plaintiff was not given leave to amend. The reason for this is that the court found that one work did not infringe upon the copyright of the other. A redrafting of the complaint to show equitable ownership of the copyright would have been a futile undertaking in view of the court's holding. Had the court found an infringement to exist, there is no reason to suppose that plaintiff would not have been granted leave to amend as was done in Hoffman v. Santly-Joy, Inc., supra.

Southern Music Pub. Co. v. Walt Disney Productions, 73 F.Supp. 580 (S.D. N.Y.1947) is likewise a motion to dismiss a complaint. The court held that the contracts attached to and forming a part of the complaint sufficiently established a claim as equitable owner of the copyright. The motion was accordingly denied.

■ Defendant has been unable to call attention to any case in which a motion for summary judgment was granted because the plaintiff did not sufficiently allege facts incident to its equitable ownership of a copyright. Plaintiff should be granted the opportunity to come forward with his proof in support of this contention.

■ Defendant's alternative ground for summary judgment concerns the transfer of Weird's copyright to Isaacs. Paramount argues that this sale cut off whatever equitable rights plaintiff may have had in his short story.

Defendant in asserting this defense does not claim that it is in the chain of title of Weird through Isaacs to the present holder of the copyright. The precise question for determination is whether Paramount has any standing to assert a possible defense belonging to the present holder of the copyright that this person purchased for value, in good faith and without notice.

In Taylor Engines v. All Steel Engines, 192 F.2d 171 (9th Cir. 1951), a California corporation was founded to promote an invention of its two organizers. The patent covering this invention was exclusively licensed to the corporation. The promoters then organized the plaintiff, a Nevada corporation, and similarly gave it an exclusive license, which the promoters had no authority to do.

Subsequently the California corporation transferred back to the promoters its exclusive license. The defendant was a purchaser from the promoters at a time when the exclusive license had been transferred back to them. The court held that equitable principles demanded that this immediately vested title in the plaintiff. "The equitable claim of the Nevada corporation could have been cut off by a sale to a bona fide purchaser, but the appellants have failed to place themselves in that class."[3]

That case is clearly distinguishable from the instant one. In Taylor the defendant was a purchaser from the record owner. Here defendant does not assert that it purchased from or secured the permission of the present holder of the copyright. It may be that all of the assignees from Weird took with knowledge of plaintiff's alleged reservation of interest. If so, plaintiff could at any time make a motion picture based upon his short story without securing the permission of anyone. It would be anomalous to suggest that Paramount, which did not secure the permission of the present holder of the copyright, is in a position to assert a right which may be greater than and superior to the record owner of that copyright.

The fact that the first transfer was accomplished by the Trustee in Bankruptcy does not necessarily change the result. A bankruptcy court has the power to sell property free of all liens, Van Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256 (1931); In re Franklin Brewing Co., 249 F. 333 (2d Cir. 1918); In re National Grain Corp., 9 F.2d 802 (2d Cir. 1926), but this is an equitable power which is exercised in the court's discretion. Federal Land Bank of Baltimore v. Kurtz, 70 F.2d 46 (4th Cir. 1934); In re National Grain Corp., 9 F.2d 802 (2d Cir. 1926); MacLachlan, Bankruptcy § 299, p. 351 (1956).

Defendant has not submitted any records of the bankruptcy proceedings of Short Stories, Inc. and Weird. In the absence of any indication to the contrary, it must be assumed for the purpose of this motion that the sale was not free of all liens.

A material issue of fact is raised and this motion must be denied.

So ordered.