**Willie BLACKS**

v.

**MOSLEY MACHINERY COMPANY, INC.**

**Civ. A. No. 70–2993.**

United States District Court, E. D. Pennsylvania.

Dec. 13, 1972.

Louis Samuel Fine, Fine, Staud & Grossman, Philadelphia, Pa., for plaintiff.

Timothy J. Mahoney, Krusen, Evans & Byrne, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Defendant, Mosley Machinery Company, Inc., has moved this Court under Federal Rules of Civil Procedure 19 and 21 for an Order joining Liberty Mutual Insurance Company (hereinafter referred to as Liberty) as a party plaintiff.

On April 23, 1969, at approximately 2:30 p. m., the plaintiff, while employed by Delaware Scrap Iron and Metal Company, and while in the course of his employment, was operating a certain machine known as a Mosley Hydraulic Shear, which was manufactured and sold by the defendant in 1966, and the plaintiff was seriously injured while engaged in the operation of that machine.

A short time after the accident, an employee of Liberty, Mr. H. L. Wagner, was given notice of the accident and was ordered by his superior to investigate same on behalf of the insurance company, Liberty Mutual.

Mr. Wagner inspected the premises of the Delaware Scrap Iron and Metal Company and inspected the above mentioned machine on the morning following the accident. Mr. Wagner also interviewed the plaintiff subsequent to the accident, and while the plaintiff was still hospitalized. The date of the interview was May 13, 1969, at which time Mr. Wagner recorded his interview by means of a tape recorder. Mr. Wagner also interviewed those persons present on the premises of Delaware Scrap Iron and Metal Company on the date of the accident; furthermore, he took numerous Polaroid photographs of the Hydraulic Shear. Allegedly these photographs show the control settings and the nature and position of the material that was then lodged in the shear cutting chamber. The employee interviews and photographic session were conducted on the

day subsequent to the accident. Subsequently, Liberty secured the services of an expert, Mr. Ford Bayuk. Mr. Wagner and Mr. Bayuk discussed the accident, and Mr. Bayuk submitted reports to Mr. Wagner relative to the accident.

The Polaroid photographs originally taken by Mr. Wagner, were sent to Liberty's home office in Boston, Massachusetts and can no longer be located by Liberty.

Furthermore, on May 11, 1971, Liberty, being the Workmen's Compensation carrier for Delaware Scrap Iron and Metal Company, filed a Motion for Leave to Intervene as a party plaintiff in this action. On June 21, 1971, Liberty withdrew its Motion. The defendant now seeks to bring in Liberty as an "involuntary plaintiff." In support of its Motion, the defendant alleges that if Liberty is not brought in as a party plaintiff, the defendant will be seriously prejudiced since it will be unable to cross-examine Liberty's expert, will be unable to show the results of Liberty's investigation, will be unable to introduce Liberty's admissions as admissions against self interest, and will be denied the inferences to be drawn from the disappearance of Liberty's photographs.

■■ The general rule as to joinder of parties in Federal Court is that if an absent party is found to be needed for a just adjudication, the Court will order its joinder if feasible. If the absentee party needed for a just adjudication is a defendant, the plaintiff may join him as he would any other defendant. However, the situation becomes somewhat more difficult when the person required to be joined is joined as a party plaintiff. In general, the Courts have limited the use of the doctrine of "involuntary plaintiff" to suits involving licensees of patents or beneficial owners of copyrights. Independent Wireless Telegraph Co. v. Radio Corporation of America, 269 U.S. 459, 49 S.Ct. 166, 70 L.Ed. 357

(1926); Holliday v. Long Manufacturing Company, 18 F.R.D. 45 (D.C.N.C., 1955); Field v. True Comics, 89 F.Supp. 611 (S.D.N.Y., 1950); Hoffman v. Santly-Joy, Inc., 51 F.Supp. 778 (S.D.N.Y., 1943); Ilyin v. Avon Publications, Inc., 144 F.Supp. 368 (S.D.N.Y., 1956).

■ Although the procedure of an involuntary plaintiff is recognized in the general terms of Rule 19(a), the Courts have shown reluctance to permit broad use of the involuntary plaintiff device beyond the exclusive licensee situation in which it was developed. In a situation where a party should be a plaintiff, but refuses to join as such, the remedy, also recognized by Rule 19(a), is for the plaintiff to name the recalcitrant party as a defendant and serve process upon him. Dental Precision Shoulder v. L. D. Caulk Company, 7 F.R.D. 203 (D.C.N.Y., 1947); Hoffman v. Santly-Joy, Inc., 51 F.Supp. 778 (S.D.N.Y., 1943). This device presumes the joined party will be realigned as a plaintiff in determining whether diversity exists. Perkins v. Standard Oil Company of California, 29 F.R.D. 16 (D.C.Or., 1961).

■ The doctrine of "involuntary plaintiff" goes far beyond mere regulation of procedure, for when properly applied it results in a party being bound by a judgment despite the fact that it did not consent to becoming a party and was not served with process. In the case of Davis v. St. Louis-Southwestern Railway Company, 99 F.Supp. 751 (W. D.La., 1951), the Court said:

"Plaintiff certainly could not make the insurer in question a plaintiff, for it is fundamental that no one can be compelled to join in the law suit in that capacity if he does not wish to do so; yet, if he refuses, the complainant may, if his presence is indispensable, make him a party defendant. If this had been done in this case, the compensation insurer would necessarily have had to be arraigned on the same side with the plaintiff. In that event,

if a citizen of the same state as the present defendant, this Court would have no jurisdiction."

■ This Court must make mention of the fact that the *Davis* case involved a compensation carrier similar to Liberty Mutual herein. This Court would allow joinder of an involuntary plaintiff if the facts indicated that the insurer herein, Liberty, paid the insured and then caused this action to be brought and is in control of the litigation. See Ward v. Franklin, 50 F.R.D. 93 (E.D.Va., 1970).

■ The case before this Court does not involve an insurance carrier that instituted these proceedings or is in control of the litigation. However, the interest of the plaintiff herein and Liberty are identical, i. e. if the defendant is found liable, plaintiff will recover money damages and Liberty will recover its Workmen's Compensation lien. The Court believes that Liberty should be brought on the record as an involuntary plaintiff since its interests are the same as plaintiff's.

When a person who "should join as a plaintiff"—i. e., is an indispensible or necessary party plaintiff—refuses to join, he may be made a defendant, and this is the proper course to take when service of process may be had on him and venue requirements are met.

Whether in diversity cases he should be realigned by the court as a plaintiff for jurisdictional purposes is subject to debate. On the theory that since recovery inures to his benefit and he should want what the plaintiff wants, he could be realigned as plaintiff. Moore's Federal Practice, Vol. 3, § 19.06, pages 2213–2214.

The Court notes that Moore's Federal Practice has suggested that "an extension of the doctrine of the cases which have sanctioned involuntary joinder is warranted." Moore's Federal Practice, *Ibid*, p. 2218. This Court agrees with that suggestion and we will so extend the doctrine.