SHEA, Sheriff, v. CONANT.

(Supreme Court, Appellate Division, First Department.   March 15, 1912.)

1. ATTORNEY AND CLIENT (§ 26*)—PAYMENT OF EXECUTION—EFFECT.

A client sued his attorney and a third person, and obtained an injunction restraining the attorney, who was in possession of a fund, from paying the same to any one pending the suit.   While the injunction was in force, an attempt was made to attach the fund as the property of the client in an action by the third person against the client.   The attorney filed with the sheriff a copy of the injunction, and notified him that the injunction was in force, and that he held the fund, but had no other property subject to the attachment.   Thereafter judgment was rendered for the client for the fund, and subsequently judgment was entered for the third person in the attachment suit.   The sheriff collected the fund under the judgment in favor of the client after the attorney had notified the sheriff in writing that the execution in the attachment action could not be satisfied out of the fund, because of the still pending injunction.   The execution in the attachment suit was not returned.   *Held*, that the attorney was not liable under the execution in the attachment action because he performed his duty when he notified the sheriff that he only had one fund.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 38, 39;  Dec. Dig. § 26.*]

2. SHERIFFS AND CONSTABLES (§ 88*)—OBLIGATION OF OFFICER.

The sheriff was required to hold the fund collected from the attorney until the conflicting claims between the client and the third person could be heard, and he was liable to the third person for the fund.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 120–125, 195;  Dec. Dig. § 88.*]

3. SHERIFFS AND CONSTABLES (§ 100*)—OBLIGATIONS OF OFFICERS—NOTICE TO SHERIFF.

A sheriff acting through different deputies in two separate actions is chargeable with knowledge acquired by each of the deputies, and is responsible for their acts.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 158–173;  Dec. Dig. § 100.*]

Action by John S. Shea, Sheriff of the County of New York, against Ernest L. Conant.   There was a directed verdict for plaintiff, and exceptions were directed to be heard in the first instance at the Appellate Division.   Exceptions sustained, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Francis A. O'Neill, for plaintiff.
Nelson L. Robinson, for defendant.

DOWLING, J.   This action was brought by the sheriff of the county of New York, pursuant to the provisions of section 655, Code of Civil Procedure, to reduce to possession, under a warrant of attachment, the sum of $5,000 claimed to be owing by the defendant to the attaching debtor.   By stipulation the complaint was amended so that the action became one under section 708, subd. 4, Code of Civil Procedure, to collect a debt or other thing in action attached. Upon the trial a verdict for plaintiff having been directed in the sum

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes`

of $5,046, the exceptions were directed to be heard in this court in the first instance; judgment in the meantime being suspended.

[1] The facts appearing from the record stated chronologically are as follows: Defendant, who had been the attorney for Pedro C. Casanova, was served on May 26, 1910, with an injunction order issued in the action of Pedro C. Casanova against Ellen Spencer Mussey and Ernest L. Conant in the Supreme Court, New York county, whereby Conant was enjoined and restrained during the pendency of the action, or until the due earlier entry of an order of the court, from paying over to the defendant Ellen Spencer Mussey or any other person the sum of $5,000 or any part thereof, which was stated to be the amount in controversy therein. From the complaint in said action it appears that it was claimed that Conant had received the sum of $5,000 belonging to plaintiff on April 29, 1910, and still held the same, but declined to pay it over because of the claims of the codefendant Mussey. While Conant was still so enjoined, a warrant of attachment was issued on September 28, 1910, in an action brought in the Supreme Court, New York county, wherein Ella Spencer Mussey was plaintiff and Pedro C. Casanova and Mary L. Montalvan were defendants, a copy whereof was served on Conant on September 29, 1910, and pursuant to which a levy was made by the sheriff of the county of New York upon the property of the defendant Pedro C. Casanova in the possession of the said Conant. That action was brought to recover the sum of $5,000 damages for breach of contract. Thereupon, on October 7, 1910, Conant filed with the sheriff a copy of the injunction order above referred to, and on October 17, 1910, gave a certificate to the sheriff that as he was enjoined by said order "during the pendency of said action from paying out to any person the sum of $5,000 in controversy, I hereby notify you that said injunction is still in force, and that I am holding the said sum of $5,000 in my possession and control, and that I have no other sum of money and no other property of any sort subject to the aforesaid attachment." Thereafter, on November 7, 1910, judgment was entered for $5,000, without costs, in favor of plaintiff in the action of Casanova v. Conant; the demurrer of the defendant Mussey to the complaint having been sustained and judgment having been rendered against the defendant Conant upon the pleadings. The judgment provided:

"That final judgment be and the same is hereby entered in favor of the plaintiff Pedro C. Casanova against the defendant Ernest L. Conant for $5,000 now in said defendant's hands belonging to said plaintiff, without costs; and it is further ordered that the said plaintiff Pedro C. Casanova recover of the said defendant Ernest L. Conant the sum of $5,000 now in said defendant's hands belonging to said plaintiff, and that execution issue therefor."

Thereafter, on January 20, 1911, judgment was entered in favor of plaintiff against defendant Pedro C. Casanova in the action of Mussey v. Casanova and Montalvan for $5,294.39, damages and costs, and an execution was issued thereupon and received by the sheriff of the county of New York, January 21, 1911, directing him to satisfy the same, firstly, out of the property of defendant theretofore attacked and upon which a levy had already been made, and, if that was insuf-

ficient, out of the other property of the defendant in the manner spec-
ified. On January 23, 1911, Conant notified the sheriff in writing
that said execution could not be satisfied out of Casanova's funds in
his hands, giving the same reasons as in his letter of October 17, 1910,
and delivering therewith a certified copy of the injunction order. On
March 28, 1911, the sheriff of the county of New York collected from
Conant the sum of $5,000 under the judgment in Casanova v. Conant,
receiving from the sheriff a receipt therefor, which specified that it
was paid on account of the execution in that action. The execution
in Casanova v. Conant was returned March 31, 1911, satisfied to the
extent of $4,850, unsatisfied as to balance. The execution in Mussey
v. Casanova has never been returned.

Upon the record before us it is plain that Conant had but one fund
of $5,000 in his possession belonging to Casanova, although error was
committed in excluding testimony offered on defendant's behalf to
show that he not only had no other moneys or property of Casanova's,
but that Casanova had no claim of any kind against him save for the
one fund of $5,000, which was the balance due on their accounting.
The certificate of Conant, however, that this was the only property
of Casanova's which he had, has not been attacked in any way.

The question now is whether Conant, having once paid over the
fund of $5,000 which he held to the sheriff in satisfaction of the
judgment in Casanova v. Conant, shall be compelled to pay the same
amount a second time, in satisfaction of the judgment in Mussey v.
Casanova, in which action the fund was attacked in his hands while
he was enjoined from paying it over to any one. Or, to state it dif-
ferently, was Conant remiss in not paying over the fund to the sheriff
to be held under the attachment in Mussey v. Casanova as soon as
final judgment was entered in Casanova v. Conant (November 7,
1910), or as soon as he knew of its entry (March 25, 1911); and was
he further remiss in not advising the sheriff when he paid over the
fund under the execution in Casanova v. Conant that it had been
theretofore held under a levy by the sheriff by virtue of the attach-
ment in Mussey v. Casanova? Or was the sheriff remiss in not hold-
ing the funds collected for the account of Pedro C. Casanova upon
his judgment, while there was outstanding a judgment and attachment
against the same party, until there could be a determination of the
right to the fund so realized as between Casanova and Mussey?

As Conant never knew of the existence of the judgment until
March 25, 1911, he cannot be charged with any duty before that time
to act in reference thereto which under the terms of the injunction
order was a vacatur of the latter. But by the very terms of that
judgment Casanova was declared to be entitled to recover from
Conant the fund of $5,000, the only one he held, and which had
been the subject of the injunction. Therefore, as by the judgment
Conant was required to pay to Casanova the very fund which down
to the time of its entry he had been prevented by injunction from
paying to any one, there was no time when Conant could have paid
this fund over to any one save to Casanova under the judgment.
When demand was made upon him by the sheriff for the fund pur-

suant to the Casanova judgment, he had no recourse save to pay it. Nor was he under any obligation to make any further statement to the sheriff respecting the prior services of the attachment upon him, for that attachment likewise came from the same ·sheriff's office and his ˙certificate given upon the levy and his second certificate of January 23, 1911, were specific notices of the existence of the injunction order, of which he had also filed a certified copy with the sheriff.

[2] On March 28, 1911, when Conant paid over $5,000 in answer to the demand made upon him by the sheriff to satisfy the Casanova judgment against him, the situation wás that the sheriff of the county of New York had collected from Conant the only fund or property belonging to Casanova in his hands. He had collected it for the benefit of the plaintiff in that action, Casanova; but he also had in his hands an attachment against that very fund belonging to Casanova, in an action wherein judgment had been obtained against Casanova in favor of Mussey. He knew that payment of this fund to him under the attachment had previously been withheld because of an injunction in the suit of Mussey against Casanova as he had twice been notified and two certified copies of which injunction order had been deposited with him. There is no pretense that Conant had more than one fund, or that the two executions referred to aught save the same fund.

Under these circumstances, it was the duty of the sheriff to have held the fund until the ownership thereof could be determined as between Casanova and Mrs. Mussey. Upon his application, their conflicting claims could have been heard. So far as this record shows, the only outcome possible was to award the money to Mussey. Conant would then have satisfied the judgment against him and have paid the fund over but once. Casanova would have satisfied the judgment against him to the extent of $4,850, the fund less the sheriff's fees; and Mrs. Mussey would have received $4,850 on account of her judgment. Because of the failure to hold the funds, Casanova has received the $4,850, Mrs. Mussey has received nothing and Conant is sought to be held twice for the same fund.

[3] Of the matters of record in his office the sheriff is charged with notice, as well as with the acts of his deputies, for as is said in Crocker on Sheriffs, quoted with approval in Matter of Flaherty v. Milliken, 193 N. Y. 567, 86 N. E. 559:

"The˙ sheriff is identical, in contemplation of law, with all his officers, and is civilly and directly responsible for their acts, defaults, torts, extortions, or other misconduct, whether it be willful or inadvertent in the course of the execution of their duties. He is liable to the party aggrieved for any neglect in the execution of process or in returning the same, for an escape, or for not paying over money collected on execution in the same cases and to the same extent as if the fault was his own."

Even though the sheriff acted through different deputies in the two actions, his knowledge and responsibility are the same.

The exceptions must therefore be sustained, and a new trial ordered, with costs to defendant to abide the event.

INGRAHAM, P. J., and McLAUGHLIN and MILLER, JJ., concur.

LAUGHLIN, J. (concurring).   I concur in sustaining the defendant's exceptions and in ordering a new trial, but solely upon the ground that a question of fact was presented for the consideration of the jury, as to whether or not the plaintiff was informed by the defendant, or knew, that the execution upon which he collected the money was for the same fund which had been attached, and for which he then held an execution in favor of the plaintiff in the attachment action.

The execution commanded the sheriff generally to collect the sum of $5,000 out of the personal property of the defendant, and not to collect a particular fund, and I think that he was neither required to examine the judgment nor chargeable with knowledge that it related to a particular indebtedness or fund.   The defendant, however, gave evidence tending to show that he informed the deputy sheriff, to whom he paid the money, that the same fund was involved in both actions.   This was controverted by the testimony of the deputy sheriff.   A question of fact was thus presented.   The defendant should have refused to satisfy the execution or have had it stayed upon the ground that he held the fund subject to the warrant of attachment and the execution in that action, or, on paying the money to the deputy sheriff, he should have so notified him, and should not have accepted a receipt reciting that the payment was made to the deputy sheriff on account of the execution upon which he did not wish to have it applied.