(157 App. Div. 434.)

HOFFMAN et al. v. COLUMBIA–KNICKERBOCKER TRUST CO.

(Supreme Court, Appellate Division, First Department.    June 13, 1913.)

1. PLEDGES (§ 44*)—PAYMENT OF DEBT—PRESUMPTION.

It cannot be presumed, in a proceeding to attach bonds pledged, that the indebtedness for which the defendant's property was security had been paid.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 103–107; Dec. Dig. § 44.*]

2. PLEADING (§ 8*)—CONCLUSIONS.

Allegations of the complaint, in an action in which bonds owned by defendant in the principal action were pledged to the other defendant were attached, that the sheriff demanded possession of the bonds under the execution "while no legal obstacle or impediment to compliance therewith existed," did not allege that the indebtedness, to secure which the bonds were pledged, had been paid, being a mere conclusion of law.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Action by Charles R. Hoffman and Julius Harburger, as Sheriff of the County of New York, against the Columbia-Knickerbocker Trust Company. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Herbert Barry, of New York City (Julien T. Davies, of New York City, on the brief), for appellant.

Edward Stetson Griffing, of New York City, for respondents.

LAUGHLIN, J.    The plaintiff Hoffman brought an action in the Supreme Court against the Toledo Interurban Construction Company,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a foreign corporation, to recover a money judgment, and obtained a warrant of attachment therein on or about the 14th of April, 1908, and duly attached certain bonds owned by the defendant in that action which it had pledged to the defendant herein as collateral security for a loan of $200,000, made by this defendant upon the pledgor's demand note indorsed by certain individuals. Hoffman subsequently recovered a judgment in that action, and, on an execution duly issued thereon, the plaintiff Harburger, as sheriff, demanded that the defendant deliver to him the bonds so attached, and it declined to do so. The plaintiffs demand judgment for the delivery of the bonds, or for the sum of $5,000, to be applied on the execution. The demurrer is upon the ground that the facts alleged in the complaint do not constitute a cause of action.

Under the provisions of the Revised Statutes with respect to the sale on execution of the right and interest of a pledgor of goods or chattels (2 Rev. Statutes, p. 366, § 20), the sheriff was entitled by virtue of the execution to remove the property from the hands of the pledgors *temporarily* for the purpose of selling such interest (Stief v. Hart, 1 N. Y. 20; Hall v. Carnley, 11 N. Y. 501; Wood v. Orser, 25 N. Y. 348; Harris v. Murray, 28 N. Y. 574, 86 Am. Dec. 268); but the Legislature on embodying those provisions in a modified form in the Code of Civil Procedure, § 1412, inserted a clause showing that in such case the sale may be made of the interest of the judgment debtor without disturbing the possession of the pledgee. The section is as follows:

"The interest of the judgment debtor in personal property, subject to levy, lawfully pledged, for the payment of money, or the performance of a contract or agreement, may be sold, in the hands of the pledgee, by virtue of an execution against property. The purchaser at the sale acquires all the right and interest of the judgment debtor, and is entitled to the possession of the property, on complying with the terms and conditions upon which the judgment debtor could obtain possession thereof. This section does not apply to property of which the judgment debtor is unconditionally entitled to the possession."

The words "in the hands of the pledgee," in the first sentence, were added when said section of the Code of Civil Procedure was originally enacted.

[1] The complaint contains no express allegation that the indebtedness for which the defendant held the property as security has been paid, and it is contended in behalf of the appellant that there is no presumption to that effect.

We are of opinion that this contention is sound, and that, having alleged facts showing that the defendant was lawfully entitled to the possession of the bonds as security, it was incumbent upon the plaintiff to allege facts showing that such right terminated before the time the sheriff demanded possession of the bonds.

[2] Counsel for the respondents relies on an allegation in the complaint that the sheriff demanded the possession of the bonds under the execution "on or about September 5, 1912, and while no legal obstacle or impediment to compliance therewith existed," as showing that the defendant is no longer entitled to the possession of the bonds.

Of course, it would not have been unlawful for the defendant to have surrendered possession of the bonds to the sheriff, and therefore there was no legal obstacle or impediment to prevent it from so doing. We are of opinion that that is not a sufficient allegation that the indebtedness has been paid, and that the lien of the defendant no longer exists. It is merely an allegation of a conclusion of law. Sheridan v. Jackson, 72 N. Y. 170; Knapp v. City of Brooklyn, 97 N. Y. 520; Abbott's Trial Brief, § 364. The learned counsel for the respondents cites the complaint in Shea v. Conant, 149 App. Div. 583, 134 N. Y. Supp. 315, from which he took the allegation in question; but, as he concedes, the sufficiency of that allegation was not passed upon by the court.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, but with leave to plaintiff to amend on payment of the costs of the appeal and of the demurrer. All concur.