## JONES et al. v. PEACOCK et al.

(District Court, S. D. New York. August 15, 1924.)

**1. Pleading ⚖═312—Instruments set out in answer construed on their terms, and interpretation placed thereon by defendant disregarded.**

Where answer sets forth instruments in full, interpretation placed thereon by defendant must be disregarded and the instruments must be construed on their terms.

**2. Landlord and tenant ⚖═61—Tenant may not question landlord's title.**

Generally, a tenant may not question landlord's title.

**3. Landlord and tenant ⚖═61—Defendants' counterclaim in action for rent held attempt to question landlord's title.**

In action for rent, counterclaim setting up lease, supplemental agreement making lease ineffectual on lessors' failure to remove lessee's objections to title, and bond given for lessee's protection in connection with title, held attempt by tenant to question title of landlord.

**4. Landlord and tenant ⚖═223(1)—Lessee's counterclaim, in action for rent, seeking cancellation of instruments, held equitable.**

In landlord's action for rent, counterclaim seeking cancellation of instruments and direction to plaintiff to do certain things in connection therewith held equitable.

**5. Landlord and tenant ⚖═223(2)—Defendant in action for rent held not entitled to counterclaim for cancellation of lease, supplemental agreement, and bond on ground of failure to perfect title.**

In action for rent, held, that defendant could not counterclaim for cancellation of lease, supplemental agreement for removal of defects in title, and bond against loss by reason of such defects, on ground that lessors had not perfected title, since, if defendant's claims were correct, plaintiffs could not recover rent, and defendant was entitled to affirmative money judgment against plaintiffs.

**6. Landlord and tenant ⚖═223(2)—Defendant in action for rent held not entitled to cancellation of instruments making lease ineffectual on lessors' failure to perfect title.**

In action for rent, defendant held not entitled to cancellation of lease, supplemental agreement requiring lessors to perfect title, and bond against loss by reason of such defects, on ground that plaintiffs had not perfected title, since defendant had adequate remedy at law, instruments being void without judicial decree, if his contention was correct.

Action by William E. Jones and others against Alexander R. Peacock and Phineas C. Thompson. On plaintiffs' motion to dismiss separate and distinct defense and counterclaim of last-named defendant. Granted.

White & Case, of New York City, for plaintiffs.

Baldwin, Hutchins & Todd, of New York City, for defendant Peacock.

David B. Cahn, of New York City, for defendant Thompson.

GARVIN, District Judge. When this cause came on for trial, after some discussion regarding the proper procedure, the plaintiffs submitted a motion to dismiss the separate and distinct defense and counterclaim of defendant Thompson. The action is upon a written lease, and as a result of

successive supplemental complaints, each served as an additional installment of rent fell due, there is now before the court plaintiff's sixth supplemental complaint, to which defendant Thompson has filed an answer containing the aforesaid defense and counterclaim.

This answer sets forth the lease, executed July 1, 1919, a supplemental agreement dated July 14, 1919, and a bond executed August 12, 1919. The lease is for five years at a total rental of $82,500, payable in installments of $8,250 every six months. It contains an option to purchase in the event that there is no default in the payment of rent and an option for renewal for a fixed number of years. The supplemental agreement, after reciting that the parties have executed the lease, that the same has been delivered in escrow, allowing defendant Thompson until August 10, noon, to make it binding by payment of $8,250, installment of rent, provides that said defendant shall be furnished an abstract of title and shall have until August 10, noon, to examine the title, to accept the contract, and to make said payment; that if he shall desire to raise objections to the title he shall indicate them, that in such event the parties bind themselves to employ reasonable diligence to remove such objections, and if the same cannot be removed to said defendant's satisfaction he shall not be required to accept the lease. The bond recites that objections to the title have been raised, but that Thompson desires to pay the first installment of rent, and that the parties wish to complete the contract and to have possession of the property delivered to him; the lessors agreeing to perfect the title and remove the objections thereto.

The obligors of the bond thereupon undertook to pay the defendant Thompson $50,000, conditioned upon his protection in connection with the title, the removal of objections thereto, and agreed that he would be held free and harmless from all loss, damages, costs, and expenses that might necessarily and reasonably accrue against him in the premises.

[1] The answer sets forth the instruments in full. Therefore, any interpretation placed upon them by the defendant Thompson must be disregarded. The instruments must be construed upon their terms. U. S. v. Ames, 99 U. S. 35, 25 L. Ed. 295; Greeff v. Equitable Life Assurance Society, 160 N. Y. 19, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659.

Plaintiff's objections to the defense and counterclaim are four in number:

(1) The defendant Thompson, a tenant, is attempting to question his landlord's title.

(2) No ground for equitable relief is set forth.

(3) From the answer it appears that an adequate remedy at law is available.

(4) When defendant Thompson accepted the bond, he completely waived any defect in the title.

[2, 3] 1. Undoubtedly, generally speaking, a tenant may not question his landlord's title. The defendant Thompson claims that the delivery of the lease and bond was never followed by an unqualified acceptance; that the delivery was at all times to be understood as being conditional upon the perfecting of the title by plaintiffs; and that if they failed so to do, said defendant might return and cancel the agreement. The court is not in accord with such construction and cannot escape the conclusion that a lease is involved under which rent was paid, and that this is in fact nothing more nor less than an attempt by a tenant to question the title of his landlord.

[4, 5] 2. The defendant contends that the counterclaim which he pleads is in law and not in equity. In view of the fact that the relief sought in the demand for judgment dismissing the counterclaim includes the cancellation of instruments and a direction to the plaintiffs to do certain things in connection with said instruments, it is manifest that the counterclaim is equitable in character. No ground for equitable relief is shown, for if defendant's claims are correct, plaintiffs cannot recover and defendant is entitled to an affirmative money judgment against the plaintiffs. Wherefore the contention of the plaintiffs is sound.

[6] 3. To permit the counterclaim as pleaded would be to allow a defendant a remedy in equity where he has an adequate and complete remedy at law. Plaintiffs can enforce no rights against defendant except upon the instruments in question. If defendant's contention is correct, if he pleads and establishes his defenses, plaintiffs' complaint must be dismissed, and defendant must have an affirmative judgment on his counterclaim. He is entitled to no more, for the instruments are void without any judicial decree.

4. While it is not necessary to decide that the taking of the bond was an absolute waiver of any defect in the title, the court is inclined to the opinion that this contention by plaintiffs is correct. The defendant Thompson knew of the alleged defects of the title, but nevertheless paid rent, and did so be-

cause he took the bond to protect himself in this payment. This would seem to be an absolute waiver of any right to recover for defects in the original instrument.

If these contentions are correct, plaintiffs' motion must be granted.