In the Matter of Supplementary Proceedings: ANNA BENDER, Judgment Creditor, Respondent, v. ROSE KOLBER, Judgment Debtor, and MOSES KOLBER, Also Known as MORRIS KOLBER, Judgment Debtor, Appellant.— Order of the Appellate Term, reversing orders of the City Court of the City of New York, County of Kings, one of which vacated the stay contained in a third party order in supplementary proceedings so as to permit the judgment debtor to designate a new beneficiary in the place of his deceased wife, and the other of which denied the motion of the judgment creditor to direct the judgment debtor to execute and deliver to him a request for the payment of the cash surrender value of a policy of life insurance written on the life of the judgment debtor, to enable the Metropolitan Life Insurance Company to pay such cash surrender value over to the judgment creditor, and denying the debtor's motion and granting the creditor's motion, modified by striking therefrom the last ordering paragraph and by providing in lieu thereof that the order denying the cross-motion of judgment creditor to direct the debtor to turn over such policy and to execute and deliver a request for the payment of cash surrender value thereof be affirmed, without costs and without prejudice to the institution by the judgment creditor of such further proceedings as he may be advised. As so modified, the order is unanimously affirmed, without costs. The proceeding on the part of the respondent judgment creditor is directed, not to the insurance company, which holds the reserve fund, but to the debtor, and involves a motion for an order directing him to deliver the policy to the judgment creditor and to execute the documents required by the terms of the policy for the payment by the insurance company of the cash surrender value. The proceeding is not justified by section 796 of the Civil Practice Act, for the reason that it does not involve an application directing delivery of property or money to a sheriff or receiver by the insurance company; nor does it come within the provisions of section 794 of the Civil Practice Act, as that section has only to do with an application for an order permitting a person indebted to pay the debt

to a sheriff or judgment creditor. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.