In the Matter of JEROME MYER et al., as Trustees for JULIUS MYER, under Trust Indenture Dated April 21, 1942, Judgment-Debtors-Respondents.

ABRAHAM MYER et al., Judgment-Creditors-Appellants; JULIUS MYER, by LOUIS J. LEFKOWITZ, as Committee of His Person and Property, Appellant.

First Department, March 29, 1948.

*Sidney R. Rossiter* of counsel (*Abraham J. Halprin,* attorney), for judgment-creditors-appellants.

*Ilo Orleans* of counsel (*Falk & Orleans,* attorneys), for Julius Myer by Louis J. Lefkowitz, committee of his person and property, appellant.

*Jay Leo Rothschild* for judgment-debtors-respondents.

DORE, J. From an order of Special Term vacating an execution and levy by the sheriff on trust property, the judgment creditors, who procured the levy, appeal.

The judgment debtors are Jerome, Philip and Bernard Myer as trustees for their father Julius Myer under a trust the father created in 1942, making himself sole beneficiary of the income during his life and his said three sons, the trustees, remaindermen. The only property in the trust is a certificate for 50% of the stock of Myer 1890 Bottling Co., Inc. The judgment debtors as trustees are the legal owners of this 50% interest. The remaining 50% of the corporation's stock is owned by two brothers of the trustees, Abraham and Israel Myer, who with the corporation are the judgment creditors herein. This court has held the trust valid (*Myer* v. *Myer,* 267 App. Div. 858). In April, 1945, the father was declared incompetent and a committee appointed, which is a party appellant to this proceeding.

This is one of numerous appeals that have been before this court arising out of what appears to be a litigious feud between the members of the Myer family. We shall refer only to such

part of the litigation as is relevant to an understanding of the issues before us.

After the father had been declared incompetent, the judgment debtors, as trustees, commenced a proceeding to dissolve the corporation. Dismissal of that proceeding, after a trial before a referee, was confirmed by Special Term and affirmed by this court (*Matter of Myer* v. *Myer,* 272 App. Div. 888); and the Court of Appeals denied leave to appeal (297 N. Y. 1038). The decree of dismissal in the dissolution action charged the costs as taxed in the sum of $10,620 against the judgment debtors as trustees and directed execution therefor.

After the judgment for costs, the judgment debtors were examined in supplementary proceedings and it was shown that they had pledged the whole trust *res* with their attorney who held the certificate of stock and claimed a lien thereon for his fees and disbursements under an arrangement revealed only after the judgment debtors were found guilty of contempt for refusing to disclose the retainer (*Matter of Myer* v. *Myer,* 272 App. Div. 814, motion for leave to appeal denied 297 N. Y. 584).

The decree containing the award for costs in favor of the judgment creditors was affirmed by this court on June 20, 1947. (*Matter of Myer* v. *Myer,* 272 App. Div. 888.) Thereafter on the judgment creditors' application a receiver in supplementary proceedings was appointed, August 1, 1947; the order appointing the receiver was filed, August 2d; and the receiver qualified August 7th. The execution was filed with the sheriff August 4th; the sheriff levied, August 20th, and notice of sale was given September 12th.

Under section 807 of the Civil Practice Act the property of the judgment debtors was vested in the receiver who had duly qualified from August 2, 1947, the time of filing the order appointing him. Under section 804 of the Civil Practice Act a receiver appointed in supplementary proceedings may sell the debtor's personal property upon order of the court after such notice as the court may direct. The sheriff made the levy under section 688 of the Civil Practice Act specifically on the title and interest of the judgment debtors in the certificate of stock representing 50% of the corporation. The proposed sale is of such certificate which constitutes the entire trust. If this certificate be sold, the entire trust *res* will be sold.

Under all the facts and circumstances disclosed, we think the sale for the purpose of satisfying the judgment for costs against the trustees should be made by the receiver under the supervision of the court so as to give maximum protection to the

trust. In the circumstances here involved of a trust *res* consisting of a 50% stock interest in the Myer Corporation, which must be invaded to satisfy the judgment, it may possibly be, that it is more to the interest of the incompetent to sell the entire stock interest than to be left with a minority interest of even 49%. On the other hand, it would normally seem preferable and more conservative to sell only so much of the stock as is necessary to satisfy the judgment, leaving the balance in the trust. These and other matters relating to the sale call for the exercise of the court's discretion based upon a consideration of the relevant facts and circumstances in connection with the sale.

The judgment creditors and the committee say the trust and the incompetent as beneficiary will be fully protected by reason of a letter signed by the attorney for the judgment creditors and accepted and approved by the committee of the incompetent. That letter states in effect that the judgment creditors will protect the incompetent '' in the same status as heretofore '' so that he will receive the same compensation even if the stock is sold. Without questioning the good faith of those who made and accepted this offer to hold harmless the beneficiary of the trust, the court (especially on a sale to satisfy costs against trustees as such for their own obligations) should be solicitous to preserve the trust intact, so far as possible. This can be achieved through a sale by the receiver under the court's supervision rather than by sale of the single certificate by the sheriff.

We make this determination on the particular and somewhat unusual state of facts disclosed in this record. Accordingly, it is unnecessary for us to pass upon other numerous contentions of the parties or the reasons given by Special Term in its memorandum granting the order.

The order appealed from should be affirmed, with $20 costs and disbursements to the respondents.

PECK, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements.