Louis Gr. Bruhn, J.
This is a motion on behalf of the judgment creditor herein for an order permitting the Comptroller of the State of New York to pay to it the sum of $385 being the balance remaining in the hands of the Comptroller of a liquor license refund of the judgment debtor.
The only issue of substance raised by the Comptroller in this case is whether or not section 127 of the Alcoholic Beverage Law requires the production by the judgment creditor of the receipt issued by the board to the judgment debtor before payment can be made by him.
While such section may require production of the receipt by the licensee before payment can be made to such licensee, in the opinion of this court, such condition does not apply to a judgment creditor pursuing such refund pursuant to subdivision 2 of section 779 of the Civil Practice Act.
Within the language of such section and section 127, mentioned above, the Comptroller became indebted to the judgment debtor on the date when the license was surrendered for cancellation. (Matter of Strand v. Piser, 291 N. Y. 236, 240.)
Since such debt was in existence at the time of the service of the third-party subpoena section 794 of the Civil Practice Act
*476 contains ample authority for this court to direct the payment of such refund to the judgment creditor herein.
Any other interpretation would impose unreasonable restrictions on .this court’s power to enforce, payment pursuant to the sections of the Civil Practice Act which are applicable. (Matter of Moran v. Toth, 195 Misc. 570; Matter of Tosetti, 17 Misc 2d 520; Matter of Macy & Co., v. Tyler, 21 Misc 2d 998.)
While it is true that the above-cited cases involve bank deposits the rule promulgated would appear to hold with equal force in situations such as the present one.
For the reasons stated, the Comptroller is ordered to pay the amount of the refund now remaining in his hands to the judgment creditor herein and the. judgment creditor is. directed to serve a certified copy of the order to be entered upon the Comptroller prior to such payment.