[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15931
Non-Argument Calendar
_____

D. C. Docket No. 07-20154-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME HAYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 16, 2009)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Jerome Hayes, through counsel, appeals his 188-month sentence for possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1) and (b)(1)(D), and possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(c). Hayes argues that the district court (1) erred in denying his motion to suppress the evidence gathered and statements made at the time of his arrest, (2) erred in sentencing him as an armed career criminal based on previous "serious drug" convictions when the jury only found that he previously was convicted of generic drug offenses and his specific prior convictions were not pled in the indictment or proven to the jury, and (3) imposed an unreasonable sentence by failing to consider the 18 U.S.C. § 3553(a) factors and choosing a sentence that was greater than necessary in light of these factors. For the reasons set forth below, we affirm.

## I. Background

Hayes initially pled not guilty. Through counsel, Hayes submitted a motion to suppress, arguing that (1) the money seized from his person, along with marijuana and a firearm seized from his one-room apartment after police officers entered his home and arrested him without a warrant, must be suppressed for violating the Fourth Amendment and (2) his post-<u>Miranda</u>[1] statements must be

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

suppressed for following an illegal arrest and, therefore, violating the Fifth Amendment. After a suppression hearing, at which one of the arresting officers and Hayes testified as to the events preceding and following his arrest, a magistrate judge recommended that the motion be denied. The magistrate found that Hayes's account of the events was incredible. Based on the officer's account of the events, the magistrate found that the officer's and the other arresting officer's actions were covered by the hot pursuit exception to the warrant requirement. Because the officers did not violate the Fourth Amendment in arresting Hayes and searching his person and apartment, and Hayes did not challenge the administration of his Miranda rights or his waiver of these rights, the officers also did not violate the Fifth Amendment in questioning Hayes. Over Hayes's objections to the credibility finding, the district court adopted and approved the recommendation.

Hayes changed his plea to guilty. In a presentence investigation report ("PSI"), a probation officer found that Hayes was an armed career criminal based on four previous cocaine-related convictions, pursuant to U.S.S.G. § 4B1.4(b)(3)(B), applied an acceptance-of-responsibility reduction, and determined that Hayes's guideline range was 188 to 235 months' imprisonment. The district court sentenced Hayes to 188 months' imprisonment. Hayes appealed, and we vacated and remanded, reasoning that his guilty plea was involuntary. On

3

remand, Hayes pled not guilty.[2]  After a trial, a jury found Hayes guilty.  In a PSI, the probation officer retained the earlier calculations, save the acceptance-of-responsibility reduction, and determined that Hayes's guideline range was 262 to 327 months' imprisonment.  The probation officer noted that the marijuana count carried a statutory mandatory minimum of 5 years' imprisonment, pursuant to § 841(b)(1)(D), and the gun count carried a statutory term of 15 years' to life imprisonment, pursuant to 18 U.S.C. § 924(e).  Hayes did not object to the PSI.

At a sentencing hearing, the government recommended a sentence at the low end of the guideline range.  Hayes requested a sentence of 188 months' imprisonment, noting that the amount of drugs involved was small and that 188 months was far from lenient.  The district court adopted the PSI calculations, but sentenced Hayes to 188 months' imprisonment, reasoning that Hayes's decision to go to trial did not merit a seven-or-eight-year increase in his sentence; a below-guidelines sentence provided sufficient punishment and adequate deterrence, especially given that Hayes was then 54 years old; and that it could not depart below 180 months given the statutory mandatory minimum term of imprisonment.

---

[2] Hayes initially also was charged with, and convicted of, possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1).  On remand, the government dropped this charge.

4

## II. Law & Analysis

*Motion to Suppress*

Whether the district court erred in denying a motion to suppress is a mixed question of law and fact. United States v. Ramos, 933 F.2d 968, 972 (11th Cir. 1991). We review the district court's findings of fact for clear error. Id. The appellant bears the burden of demonstrating as much. Id. We then review the district court's application of the law to those facts de novo. Id. In doing so, we construe the facts in the light most favorable to the government. Id.

Warrantless and nonconsensual entry into a suspect's home, and any resulting search and seizure, is prohibited under the Fourth Amendment, unless probable cause and exigent circumstances exist. See Payton v. New York, 445 U.S. 573, 586, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980). Exigent circumstances exist "when the inevitable delay incident to obtaining a warrant must give way to an urgent need for immediate action." United States v. Satterfield, 743 F.2d 827, 844 (11th Cir.1984). Recognized situations in which exigent circumstances exist include: "danger of flight or escape; danger of harm to police officers or the general public; risk of loss, destruction, removal, or concealment of evidence; and 'hot pursuit' of a fleeing suspect." United States v. Blasco, 702 F.2d 1315, 1325 (11th Cir.1983).

Regarding destruction of evidence, "the need to invoke the exigent circumstances exception to the warrant requirement is 'particularly compelling in narcotics cases' because narcotics can be so quickly destroyed." United States v. Tobin, 923 F.2d 1506, 1510 (11th Cir.1991). "The mere presence of contraband, however, does not give rise to exigent circumstances." United States v. Lynch, 934 F.2d 1226, 1232 (11th Cir.1991). Rather, "the appropriate inquiry is whether the facts . . . would lead a reasonable, experienced [officer] to believe that evidence might be destroyed before a warrant could be secured." Tobin, 923 F.2d at 1510. In United States v. Santa, 236 F.3d 662, 669-70 (11th Cir. 2000), we held that officers did not have exigent circumstances to enter the defendant's apartment because they had no reason to believe that the evidence in question, namely, drugs, would be destroyed, since the suspects were unaware of the officers' presence and, thus, had no reason to destroy the drugs or flee. Id. We held that it was well settled that "[c]ircumstances are not normally considered exigent where the suspects are unaware of police surveillance." Id. We explained that, in such situations, the officers easily could maintain surveillance until they could make a public arrest or obtain a warrant. Id.

Regarding hot pursuit, the Supreme Court, in United States v. Santana, 427 U.S. 38, 43, 96 S.Ct. 2406, 2409, 49 L.Ed.2d 300 (1976), held that a suspect may

6

not defeat an imminent arrest by escaping into the suspect's house. In that case, a suspect arrested during a drug sting informed undercover officers that the defendant had certain evidence, and the officers traveled to the defendant's home. Id. at 40, 96 S.Ct. at 2408. As the officers pulled up to the house, they saw the defendant standing in her doorway. Id. at 40 n.1, 96 S.Ct. at 2408 n.1. After the officers pulled up to within 15 feet of the defendant, exited their vehicle, and began approaching her, the defendant retreated into the vestibule. Id. at 40, 96 S.Ct. at 2408. Given these facts, the Supreme Court held that "a suspect may not defeat an arrest which has been set in motion in a public place, and is therefore proper . . . , by the expedient of escaping to a private place." Id. at 43, 96 S.Ct. at 2410. In so holding, the Supreme Court reasoned that, armed with probable cause, an officer could effectuate a warrantless, public arrest, and that a suspect could not "thwart an otherwise proper arrest" by retreating into her home. Id. at 42, 96 S.Ct. at 2409.

After a defendant has lawfully been arrested, officers may search his person and any area within his control. United States v. Robinson, 414 U.S. 218, 224, 94 S.Ct. 467, 471, 38 L.Ed.2d 427 (1973). Likewise, an officer who lawfully is in position to have a particular view, and who has probable cause, may seize contraband objects falling in his plain view. United States v. Harris, 390 U.S. 234, 236, 88 S.Ct. 992, 993 19 L.Ed.2d 1067 (1968).

7

First, Hayes has not argued or shown that the magistrate's findings of fact, which stemmed from his conclusion that Hayes's testimony was incredible, were clearly erroneous.  See Ramos, 933 F.2d at 972.  Thus, we accept the magistrate's findings of fact.  See id.  Also, the district court's conclusion of law, namely, that the officers had exigent circumstances to enter Hayes's home and arrest him, were not erroneous, as discussed below.  See id.[3]

The officer testified that, upon arriving at Hayes's apartment building and seeing him on the doorstep, the officers yelled, "Police," and Hayes turned around, saw them, recognized that they were police, and fled inside.  Upon following Hayes to his apartment, the officers heard noises of "things being tossed."  They entered and arrested him.  Upon arresting him, they searched his person and found, and seized, money.  They then scanned his apartment and saw in plain view, and seized, "baggies" of marijuana and a gun.

Given this testimony, it appears that Hayes knew of the officers' presence and that the officers had reason to believe that he might be destroying evidence. See Tobin, 923 F.2d at 1510; cf., Santa, 236 F.3d at 669-70.  In these circumstances, it was not reasonable to expect that the officers would wait for

---

[3] Hayes does not dispute that the officers had probable cause.  See Payton, 445 U.S. at 586, 100 S.Ct. at 1380.  Indeed, the record demonstrates that an undercover officer purchased crack cocaine from Hayes and relayed to the officers in question Hayes's description, so that they might arrest him.

Hayes to leave or for a warrant.  See Satterfield, 743 F.2d at 844; cf., Santa, 236 F.3d at 669-70.  It also appears that the officers attempted to begin to arrest Hayes in public, by announcing their presence when he stood on the doorstep of his apartment building, and could not only because he retreated inside.  Santana, 427 U.S. at 40-43, 96 S.Ct. 2408-10.  Thus, the officers did not violate the Fourth Amendment in entering his home and arresting Hayes.  See Payton, 445 U.S. at 586, 100 S.Ct. at 1371.  Furthermore, because the officers lawfully arrested Hayes, they also did  not violate the Fourth Amendment in searching his person and seizing money.  See Robinson, 414 U.S. at 224, 94 S.Ct. at 471.  Because they also lawfully were in his apartment, and the officer's testimony demonstrates that the baggies of marijuana and gun were in plain view, they did not violate the Fourth Amendment in seizing this contraband.  See Harris, 390 U.S. at 236, 88 S.Ct. at 993.  Finally, because the arrest was not unlawful, Hayes's post-Miranda statements were not fruit of the poisonous tree.

*Prior Convictions*

We review arguments not raised before the district court for plain error only. See United States v. Shelton, 400 F.3d 1325, 1328-29 (11th Cir. 2005).  Under plain error review, we will not correct an error unless we finds (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) seriously affects the fairness,

9

integrity, or public reputation of judicial proceedings. Id.

Pursuant to § 924(e), a defendant who violates § 922(g) and has 3 prior convictions for a violent felony or a serious drug offense, or both, is subject to a 15-year statutory mandatory minimum term of imprisonment. 18 U.S.C. § 924(e)(1). Section 924(e), defines "serious drug offense" as, inter alia, an offense codified under 21 U.S.C. § 801, et seq., to which a ten-year-or-more statutory mandatory maximum term of imprisonment applies. 18 U.S.C. § 924(e)(2).

In Almendarez-Torres,[4] the Supreme Court held that a defendant's prior convictions do not have to be alleged in the indictment or submitted to a jury and proved beyond a reasonable doubt before the district court can use those convictions in sentencing the defendant. 523 U.S. at 247, 118 S.Ct. at 1232-33. We repeatedly have confirmed that Almendarez-Torres remains good law until the Supreme Court explicitly finds otherwise. See Shelton, 400 F.3d at 1329. The Supreme Court has not explicitly determined whether this rule extends to the nature of the defendant's prior convictions. However, in Shepard v. United States, 544 U.S. 13, 15-16, 25-26, 125 S.Ct. 1254, 1257, 1263, 161 L.Ed.2d 205 (2005), the Supreme Court instructed that, in determining the nature of a prior conviction

_____

[4] Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)

10

for § 924(e) purposes, the district court may not look beyond the statutory elements, charging documents, any plea agreement and colloquy or jury instructions, or comparable judicial record. In United States v. Greer, 440 F.3d 1267, 1275 (11th Cir. 2006), we recognized that "there is implicit in the Shepard rule . . . , a recognition that if the nature of the prior conviction can be determined from those types of records, under existing law the trial judge may make the determination."

We will review Hayes's prior-conviction-based argument for plain error only, because he failed to raise this argument before the district court. See Shelton, 400 F.3d at 1328-29. The district court did not commit a plain error in determining that Hayes's prior convictions were serious drug offenses under § 924(e)(1). See id. First, because the Supreme Court has not explicitly determined whether a district court can decide the nature of a defendant's prior convictions, any error committed by the district court in doing so would not be plain. See id. Also, given Shepard and our precedent, the district court did not commit any error, as § 924(e) specifically defines those crimes that constitute "serious drug" felonies, and does not leave this matter to determination by a jury or judge. See 18 U.S.C. § 924(e)(2); Shepard, 544 U.S. at 15-16, 25-26, 125 S.Ct. at 1257, 1263; Greer, 440 F.3d at 1275. Likewise, it is notable that § 924(a)(2) makes no mention of a

11

separate mandatory maximum term of imprisonment applicable to defendants convicted of "generic" drug felonies, such that Hayes's contention that he would have been subject to a ten-year statutory mandatory minimum sentence but for the district court determining that his prior convictions were serious drug felonies is without merit. Finally, to the extent that Hayes argues that the district court erred in sentencing him as an armed career criminal because the fact of his prior convictions was not pled in the indictment or proven beyond a reasonable doubt to a jury, his argument is foreclosed by Supreme Court precedent. See Almendarez-Torres, 523 U.S. at 247, 118 S.Ct. at 1232-33.

*Reasonableness*

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentencing court first must correctly calculate the guideline imprisonment range and then must treat that range as advisory and impose a reasonable sentence. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006); Gall v. United States, 552 U.S. __, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The Supreme Court has held that the reasonableness of a sentence is reviewed under an abuse-of-discretion standard.

12

Gall, 552 U.S. at __, 128 S.Ct. at 597. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable." Talley, 431 F.3d at788.

The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the Guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. Gall, 552 U.S. at __, 128 S.Ct. at 597. The Supreme Court also has explained that review for substantive reasonableness involves inquiring whether the statutory factors in § 3553(a) support the sentence in question. Id., 552 U.S. at __, 128 S.Ct. at 598-99. Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The statute also instructs the sentencing court to consider certain factors, including the nature and circumstances of the offense and the

history and characteristics of the defendant.  See 18 U.S.C. § 3553(a)(1).

In considering the § 3553(a) factors and explaining the reasoning behind its choice of sentence, the district court need not discuss or state that it has explicitly considered each factor of § 3553(a).  Talley, 431 F.3d at 786.  Rather, even a brief explanation of its reasoning, coupled with a clear consideration of the parties' arguments, will suffice.  See Rita v. United States, 551 U.S. __, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007).

The district court did not impose a procedurally or substantively unreasonable sentence.  See Hunt, 459 F.3d at 1182 n.3; Gall, 552 U.S. at __, 128 S.Ct. at 597.  The district court  made clear that it had considered the parties' arguments and the  § 3553(a) factors, and was particularly influenced by the need to provide adequate deterrence and Hayes's age.  See 18 U.S.C. § 3553(a); Rita, 551 U.S. at __, 127 S.Ct. at 2468; Talley, 431 F.3d at 786.  Moreover, the district court ultimately imposed a sentence well below the low end of the applicable guideline range.  Accordingly, we affirm.

**AFFIRMED.**